## GRACE and Another *v.* AMERICAN CENTRAL INSUR-ANCE COMPANY.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF NEW YORK.

Argued October 19th, 1883.—Decided November 19th, 1883.

*Agent—Contract—Evidence—Insurance—Jurisdiction—Pleading.*

1. A fire insurance policy contained this clause : " This insurance may be terminated at any time at the request of the assured, in which case the company shall retain only the customary short rates for the time the policy has been in force. The insurance may also be terminated at any time at the option of the company, on giving notice to that effect and refunding a ratable proportion of the premium for the unexpired term of the policy. It is a part of this contract that any person other than the assured, who may have procured the insurance to be taken by this company, shall be deemed to be the agent of the assured named in this policy, and not of this company under any circumstances whatever, or in any transactions relating to this insurance :" *Held,* that this clause imports nothing more than that the person obtaining the insurance was to be deemed the agent of the insured in matters immediately connected with the procurement of the policy ; that where his employment did not extend beyond the procurement of the insurance, his agency ceased upon the execution of the policy, and subsequent notice to him of its termination by the company was not notice to the insured.

2. Parol evidence of usage or custom among insurance men to give such notice to the person procuring the insurance was inadmissible to vary the terms of the contract.

3. The doctrine reaffirmed, that when jurisdiction of the circuit court depends upon the citizenship of the parties, such citizenship, or the facts which in legal intendment constitute it, must be distinctly and positively averred in the pleadings, or appear affirmatively and with equal distinctness in other parts of the record. An averment that parties reside, or that a firm does business, in a particular State, or that a firm is "of" that State, is not sufficient to show citizenship in such State.

4. Where the record does not show a case within the jurisdiction of a circuit court, this court will take notice of that fact, although no question as to jurisdiction had been raised by the parties.

This was an action upon a policy of fire insurance issued September 26th, 1877, by the American Central Insurance Company of St. Louis to the firm of Wm. R. Grace & Co.

The circumstances under which it was issued were these : A

clerk of Wm. R. Grace & Co., charged with the duty of effect-ing insurance against loss by fire upon their property, em-ployed one W. R. Moyes, a broker in the city of New York, to obtain insurance, in a specified amount, for his principals. Moyes instructed one Anthony, an insurance broker and agent in Brooklyn, who had on previous occasions obtained policies for Grace & Co., to procure the required amount of insurance. Anthony obtained the policy in suit from the general agents in New York city of the defendant company, mailed or delivered it to Moyes, and by the latter it was delivered to Grace & Co. not later than the day succeeding its date. On the morning of October 6th one Carrol, for the insurance company, verbally notified Anthony that the company refused to carry the risk, and required the policy to be returned. There was some con-flict in the testimony as to what occurred between Carrol and Anthony on this occasion. But, in the view which the court took of the case, it was conceded that Anthony gave Carrol to understand that the policy would be returned to the company or its agents. The property insured was destroyed by fire on the night of October 6th, 1877, or early on the morning of the 7th. Prior to the fire neither the insured, nor their clerk by whose instructions the policy was obtained, had any knowl-edge or notice of the conversation between Carrol and Anthony, or of the fact that the company had elected not to carry the risk. At the trial it was admitted that the contract between the parties was fully executed upon the delivery of the policy to the insured. The plaintiff sued out his writ of error to reverse that judgment.

The eighth clause of the policy was in these words :

" This insurance may be terminated at any time at the request of the assured, in which case the company shall retain only the customary short rates for the time the policy has been in force. The insurance may also be terminated at any time at the option of the company, on giving notice to that effect and refunding a ratable proportion of the premium for the unexpired term of the policy. It is a part of this contract that any person other than the assured, who may have procured the insurance to be taken by this company, shall be deemed to be the agent of the assured

named in this policy, and not of this company under any circumstances whatever, or in any transaction relating to. this insurance."

The court refused, although so requested by plaintiffs, to rule that Anthony was not, within the meaning of the policy, their agent for the purpose of receiving notice. of its termination; but charged the jury, in substance, that Anthony was, for such purpose, to be deemed the agent of the insured. Exception was taken in proper form by plaintiffs, as well to the refusal to give their instruction, as to that given by the court to the jury. A verdict was returned for the company, and judgment thereon was entered. The plaintiff sued out his writ of error to reverse that judgment.

*Mr. Winchester Britton*, for the plaintiffs in error, cited, as to the construction of the contract, *Whited* v. *Germania Fire Ins. Co.*, 76 N. Y. 415; *Rohrbach* v. *Same*, 62 N. Y. 47; *Alexander* v. *Same*, 66 N. Y. 464; *Van Schoick* v. *Niagara Fire Ins. Co.*, 68 N. Y. 434; *Standard Oil Co.* v. *Triumph Ins. Co.*, 64 N. Y. 85; and as to usage and custom, *Bradley* v. *Wheeler*, 44 N. Y. 495; *Higgins* v. *Moore*, 34 N. Y. 417; *Esterly* v. *Cole*, 3 Coms. 502; *Dawson* v. *Kittle*, 4 Hill, 107; *Wheeler* v. *Newbould*, 5 Duer, 29; *Brueck* v. *Phœnix Ins. Co.*, 21 Hun, 542; *Wallis* v. *Bailey*, 49 N. Y. 464; *Berkshire Woolen Co.* v. *Proctor*, 7 Cush. 417; *Cunningham* v. *Fonblanque*, 6 C. & P. 44; *Garey* v. *Meagher*, 33 Ala. 630; *Chesapeake Bank* v. *Swain*, 29 Md. 483; *Mills* v. *Hallock*, 3 Edw. Ch. 652; *Haskins* v. *Warren*, 115 Mass. 514; *Randall* v. *Smith*, 63 Me. 105, and note; *Adams* v. *Pittsburg Ins. Co.*, 76 Penn. State 411; *Harris* v. *Turnbridge*, 83 N. Y. 92; Lawson on Usages and Customs, pp. 23, 48, 52, 55, 63, 89, 97; *Fisher* v. *Sargeant*, 10 Cush. 250; *Winsor* v. *Dellaway*, 4 Met. 221.

*Mr. George W. Parsons*, for the defendant in error, cited, as to the construction of the contract, Story on Agency, § 140; *Standard Oil Co.* v. *Insurance Co.*, 64 N. Y. 85; *Anderson* v. *Connley*, 21 Wend. 279; *Insurance Co.* v. *Insurance Co.*, 66 N. Y. 119; *Insurance Co.* v. *Stark*, 6 Cranch, 268; *Bennett* v. *Insurance Co.*, 81 N. Y. 273; *Insurance Co.* v. *Mueller* (*Supreme Ct. of*

*Penn.*), 8 Ins. Law Jour. 263; *Armour* v. *Insurance Co.*, 47 N. Y. Superior Ct. R. 352; *Bank of U. S.* v. *Davis*, 2 Hill, at 451; *McEwen* v. *Insurance Co.* 5 Hill, 101; *Fulton Bank* v. *Sharon Canal Co.*, 4 Paige, at 137; *Boyd* v. *Vanderkemp*, 1 Barb. Ch. 273; and as to usage, Parsons on Contracts, 52; *Hinton* v. *Locke*, 5 Hill, 437; *McPherson* v. *Cox*, 86 N. Y. 472; 2 Phillips on Evidence (4th Am. Ed.), 798; *Blachett* v. *Royal Exch. Ass. Co.*, 2 Cromp. and J. 244; *Hinton* v. *Locke*, 5 Hill, 437; *Grant* v. *Maddox*, 15 M. and W. 737; *Yates* v. *Pyne*, 6 Taunt. 446; *Keener* v. *Bank of United States*, 2 Penn. State 237; *Sweet* v. *Jenkins*, 1 Rhode Island, 147; *Mumford* v. *Hallett*, 1 John. R. 433; *Rankin* v. *Insurance Co.*, 1 Hall (N. Y.), 682; *Partridge* v. *Life Insurance Co.*, 1 Dill. 139; *Barnard* v. *Kellogg*, 10 Wall. 383; *Steinbach* v. *Insurance Co.*, 13 Wall. 183; *Blackett* v. *Assurance Co.*, 2 Cromp. & Jer. 244; *Rogers* v. *Insurance Co.*, 1 Story's R. 603; *Winnesheik Ins. Co.* v. *Holzrafe*, 53 Ill. 516.

MR. JUSTICE HARLAN delivered the opinion of the court. After stating the facts in the above language, he said:

The charge, in connection with the opinion delivered by the learned judge who presided at the trial, indicates that, in his judgment, the words in the eighth clause—" It is a part of this contract that any person, other than the assured, who may have procured the insurance to be taken by this company, shall be deemed to be the agent of the assured named in this policy,"— were intended to be qualified by the words " in any transaction relating to this insurance." Upon this ground it was ruled that notice of the termination of the policy was properly given to Anthony, who personally procured the insurance. We do not concur in this interpretation of the contract. The words in their natural and ordinary signification import nothing more than that the person obtaining the insurance was to be deemed the agent of the insured in all matters immediately connected with the procurement of the policy. Representations by that person in procuring the policy were to be regarded as made by him in the capacity of agent of the insured. His knowledge or information, pending negotiations

for insurance, touching the subject-matter of the contract, was to be deemed the knowledge or information of the insured. When the contract was consummated by the delivery of the policy he ceased to be the agent of the insured, if his employment was solely to procure the insurance. What the company meant by the clause in question, so far as it relates to the agency, for the one party or the other, of the person procuring the insurance, was, to exclude the possibility of such person being regarded as its agent, "under any circumstances whatever, or in any transaction relating to this insurance." This, we think, is not only the proper interpretation of the contract, but the only one at all consistent with the intention of the parties as gathered from the words used. There is, in our opinion, no room for a different interpretation. If the construction were doubtful, then the case would be one for the application of the familiar rule that the words of an instrument are to be taken most strongly against the party employing them, and, therefore, in cases like this, most favorably to the insured. The words are those of the company, not of the assured. If their meaning be obscure it is the fault of the company. If its purpose was to make notice to the person procuring the insurance, of the termination of the policy, equivalent to notice to the insured, a form of expression should have been adopted which would clearly convey that idea, and thus prevent either party from being caught or misled.

As the uncontradicted evidence was that Anthony's agency or employment extended only to the procurement of the insurance, the jury should have been instructed that his agency ceased when the policy was executed, and that notice to him, subsequently, of its termination was ineffectual to work a rescission of the contract.

At the trial below evidence was offered by the company, and was permitted, over the objection of plaintiffs, to go to the jury, to the effect that, when this contract was made, there existed in the cities of New York and Brooklyn an established, well-known general custom in fire insurance business, which authorized an insurance company, entitled upon notice to terminate its policy, to give such notice to the broker by or

through whom the insurance was procured.   This evidence was inadmissible because it contradicted the manifest intention of the parties as indicated by the policy.   The objection to its introduction should have been sustained.   The contract, as we have seen, did not authorize the company to cancel it upon notice merely to the party procuring the insurance—his agency, according to the evidence, not extending beyond the consummation of the contract.   The contract, by necessary implication, required notice to be given to the insured, or to some one who was his agent to receive such notice.   An express written contract, embodying in clear and positive terms the intention of the parties, cannot be varied by evidence of usage or custom.   In *Barnard* v. *Kellogg*, 10 Wall. 383, this court quotes with approval the language of Lord Lyndhurst in *Blackett* v. *Royal Exchange Assurance Co.*, 2 Cromp. & Jervis, 244, that "usage may be admissible to explain what is doubtful; it is never admissible to contradict what is plain." This rule is based upon the theory that the parties, if aware of any usage or custom relating to the subject-matter of their negotiations, have so expressed their intention as to take the contract out of the operation of any rules established by mere usage or custom.   Whatever apparent conflict exists in the adjudged cases as to the office of custom or usage in the interpretation of contracts, the established doctrine of this court is as we have stated.   *Partridge* v. *Insurance Co.*, 15 Wall. 573; *Robinson* v. *United States*, 13 Wall. 363; *The Delaware*, 14 Wall. 579; *Nat. Bank* v. *Burkhardt*, 100 U. S. 686.

The record in this case presents a question of jurisdiction which, although not raised by either party in the court below or in this court, we do not feel at liberty to pass without notice. *Sullivan* v. *Fulton Steamboat Co.*, 6 Wheat. 450; *Jackson* v. *Ashton*, 8 Pet. 148.   As the jurisdiction of the circuit court is limited, in the sense that it has no other jurisdiction than that conferred by the Constitution and laws of the United States, the presumption is that a cause is without its jurisdiction unless the contrary affirmatively appears.   *Turner* v. *Bank of North America*, 4 Dall. 8; *Ex parte Smith*, 94 U. S. 455; *Robertson* v. *Cease*, 97 U. S. 646.   In the last case it is said

that "where jurisdiction depends upon the citizenship of the parties, such citizenship, or the facts which in legal intendment constitute it, should be distinctly and positively averred in the pleadings, or they should appear affirmatively and with equal distinctness in other parts of the record." *Railway Co.* v. *Ramsay*, 22 Wall. 322; *Briges* v. *Sperry*, 95 U. S. 401. In *Brown* v. *Keene*, 8 Pet. 112, it is declared not to be sufficient that jurisdiction may be inferred argumentatively from averments in the pleadings; that the averments should be positive.

The present case was commenced in the Supreme Court of New York, and was thence removed, on the petition of the defendant, to the Circuit Court of the United States for the Eastern District of New York. The record does not satisfactorily show the citizenship of the parties. The complaint filed in the State court shows that the firm of Wm. R. Grace & Co., composed of Wm. R. Grace, Michael P. Grace, and Charles R. Flint, is doing business in New York, and that Wm. R. Grace and Charles R. Flint are residents of that State. The petition for the removal of the cause shows that the defendant is a corporation of the State of Missouri; that Wm. R. Grace and Charles R. Flint reside in New York; and that Michael P. Grace is a resident of some State or country unknown to defendant, but other than the State of Missouri. The record, however, fails to show of what State the plaintiffs are citizens. They may be doing business in and have a residence in New York without, necessarily, being citizens of that State. They are not shown to be citizens of some State other than Missouri. *Bingham* v. *Cabot*, 3 Dall. 382; *Abercrombie* v. *Dupuis*, 1 Cranch, 343; *Jackson* v. *Twentyman*, 2 Pet. 136; *Sullivan* v. *Fulton Steamboat Co.*, 6 Wheat. 450; *Hornthall* v. *Collector*, 9 Wall. 560; *Brown* v. *Keene, supra ; Robertson* v. *Cease, supra.*

It is true that the petition for removal, after stating the residence of the plaintiffs, alleges "that there is, and was at the time when this action was brought, a controversy therein between citizens of different States." But that is to be deemed the unauthorized conclusion of law which the petitioner draws from the facts previously averred. Then there is the bond given by the defendant on the removal of the cause, which

recites the names of the firm of Wm. R. Grace & Co., and describes it as " of the county of Kings and State of New York." If that bond may be considered as part of the record for the purpose of ascertaining the citizenship of the parties, the averment that the plaintiffs are " of the county of Kings and State of New York " is insufficient to show citizenship. *Bingham* v. *Cabot*, 3 Dall. 382; *Wood* v. *Wagnon*, 2 Cranch, 9; *Jackson* v. *Ashton*, *supra*.

As the judgment must be reversed and a new trial had, we have felt it to be our duty, notwithstanding the record, as presented to us, fails to disclose a case of which the court below could take cognizance, to indicate for the benefit of parties at another trial the conclusion reached by us on the merits. And we have called attention to the insufficient showing as to the jurisdiction of the circuit court, so that, upon the return of the cause, the parties may take such further steps, touching that matter, as they may be advised.

*The judgment is reversed and the cause remanded, with directions to set aside the judgment, and for such further proceedings as may not be inconsistent with this opinion.*