ALLEN B. WRISLEY CO. v. GEORGE E. ROUSE SOAP CO. et al.

(Circuit Court of Appeals, Seventh Circuit.   November 11, 1898.)

No. 515.

1. JURISDICTION OF FEDERAL COURTS— SUIT FOR INFRINGEMENT OF TRADE-MARKS—DIVERSE CITIZENSHIP.

To confer jurisdiction on the courts of the United States of a suit for the infringement of a trade-mark at common law, or for unfair trade, there must exist diverse citizenship between the parties, which must appear on the record. [1]

2. SAME—SUFFICIENCY OF ALLEGATION.

An allegation that defendants are "inhabitants" of a state is not a sufficient allegation of their citizenship.

3. SAME—NECESSARY ALLEGATIONS.

Where, in a bill to restrain the infringement of a trade-mark at common law. and unfair competition. and also the infringement of a registered trade-mark, there is neither an allegation of the diverse citizenship of the parties, nor a showing that the trade-mark is used upon goods intended to be transported to a foreign country, or used in lawful trade with Indian tribes, a federal court is without jurisdiction.

Appeal from the Circuit Court of the United States for the Eastern District of Wisconsin.

This bill is brought to restrain the alleged unlawful use of a trade-mark. It comprehends (a) the case of an infringement of a trade-mark at common law; (b) the case of unfair competition in trade; (c) the case of the infringement of a trade-mark registered under the act of congress of March 3, 1881 (21 Stat. 502). The bill sets out that the complainant is a corporation organized and existing by virtue of the laws of the state of Illinois, and that the George E. Rouse Soap Company, which was originally the sole defendant, is a corporation organized under the laws of the state of Wisconsin. Upon the coming in of the answer of the George E. Rouse Soap Company declaring itself a co-partnership, composed of Nicholas Meyer and George E. Rouse, the bill was amended by inserting "and against George E. Rouse and Nicholas Meyer, as proprietors of said company, and residing and doing business in Green Bay, in the county of Brown and state of Wisconsin, and inhabitants of said district." These persons were thereupon subpœnaed, and appeared to the suit.

The complainant's trade-mark, which is alleged to have been in use since the year 1876, consisted of the words "Old Country," which were stamped upon an ordinary cake of laundry soap, inclosed in a manila wrapper of buff color, with the words "Allen B. Wrisley's (Trade-Mark) Old Country Soap" printed thereon in blue letters, except that the words "Old Country" were in white letters upon a blue ground. The defendants made and sold a laundry soap, using as a trade-mark the words "Our Country Soap," the paper covering having the words "Our Country Soap" printed upon an American shield, the word "Our" being in white letters upon a blue ground, the word "Country" being printed in white and blue lettering transversely upon the shield on red ground, and the word "Soap" in blue letters upon the red and white bars of the shield. The covering which inclosed the soap also had displayed the American flag, and a streamer, with the words "E Pluribus Unum," and the name of the George E. Rouse Soap Company printed in white letters, and "Green Bay, Wis.," in black letters, both upon a red ground. At the hearing upon a motion for preliminary injunction, affidavits were presented pro and con upon the question whether confusion in the sale of the soaps existed, and whether the use of the words "Our Country" upon the soap of the defendants gave opportunity for, and had resulted

---

[1] As to diverse citizenship as ground for federal jurisdiction generally, see note to Mason v. Dullagham, 27 C. C. A. 298.

in, the substitution of the goods of the defendants as and for the goods of the complainant. The court below denied the motion for a preliminary injunction (87 Fed. 589), holding that, as a mere trade-mark, there was no attempt at disguise, and no likelihood of the one being mistaken for the other by even the casual and inattentive purchaser, reserving till the final hearing the question whether the use of the word "Country" could be appropriated by the complainant, and also reserving, as we understand the opinion, whether a case of unfair trade is presented.

Taylor E. Brow, for appellant.

J. H. M. Wigman, for appellees.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

JENKINS, Circuit Judge, after making the foregoing statement, delivered the opinion of the court.

We need not determine whether, by virtue of the statute of the United States (21 Stat. 502), a trade-mark registered thereunder can be protected by a court of the United States as a right arising under the laws of the United States, in the absence of diverse citizenship of the parties; nor need we determine whether, assuming such right of jurisdiction, the relief in case of infringement should be limited to the protection of the right in the use of the trade-mark upon goods intended to be transported to a foreign country or in lawful commercial intercourse with an Indian tribe, since no case is made here which would justify us in now passing upon these questions. Beyond doubt, in the case of the infringement of a trade-mark existing at the common law, or in cases of unfair trade, in order to confer jurisdiction upon the courts of the United States there must exist diverse citizenship of the parties, and, as is universally held, that diverse citizenship must appear upon the record. There is here no allegation of the citizenship of either of the individual defendants, and the term "inhabitant" or "resident," it is well settled, does not necessarily imply citizenship, and cannot be substituted for it. Grace v. Insurance Co., 109 U. S. 278, 3 Sup. Ct. 207.

The case therefore must be treated, in the absence of proper allegations of citizenship, as one between citizens of the same state; and, to bring the case within the provisions of the act of congress referred to, there must be a showing that the trade-mark involved is used upon goods intended to be transported to a foreign country or in lawful commercial intercourse with an Indian tribe. There is a total lack of evidence in this record upon that point, so that we are unable to consider the case as one coming under the act of congress.

It is matter of regret that the case is presented in such shape that we may not inquire into the merits, and determine the propriety of the order appealed from. In view of the frequent declarations of the supreme court that the primary duty of an appellate court of the United States is to ascertain both its own jurisdiction and the jurisdiction of the court below, which must appear upon the record, the failure to aver facts showing jurisdiction cannot be overlooked, even in the absence of objection by the parties. When urged, as it is here, we may not disregard it. We are constrained, therefore, to direct that the appeal be dismissed.