### KIRKLIN v. ELLERBE.

(Circuit Court of Appeals, Fifth Circuit. February 1, 1922.)

No. 3775.

1. **Courts ⟨⟩285—That plaintiff's title arises from patent or act of Congress does not give federal court jurisdiction.**

In a suit to enjoin defendant from trespassing on or interfering with plaintiff's possession of land, the mere fact that plaintiff's title comes from a patent or under an act of Congress does not show that a federal question arises, so as to give a federal court jurisdiction.

2. **Courts ⟨⟩299—Jurisdiction of federal court cannot be shown by allegations that defense will raise federal question.**

Jurisdiction of a federal court on the ground that a federal question is involved must appear by the petitioner's statement of his own claim, and cannot be made to appear by the assertion in his pleading that the defense raises or will raise a federal question.

3. **Courts ⟨⟩299—Petition held not to show suit involved federal question.**

In a suit to enjoin defendant from trespassing on or interfering with plaintiff's possession of land, a petition alleging that defendant falsely

pretended to enter on the land under a homestead entry, but that, if any homestead entry was made, which the petitioner denied, it was an absolute nullity, etc., *held* not to show, by a statement of facts such as is required in good pleading, that the suit really and substantially involved a dispute or controversy as to a right depending on the construction or effect of the Constitution, laws, or treaties of the United States, that the suit in whole or in part arose out of such controversy, or that a decision of the case depended on such construction.

**4. Courts ☞299—Not enough to allege that federal question arises.**

Where jurisdiction of a federal court is invoked on the ground that a federal question is involved, it is not enough to allege that such a question arises, and it must plainly appear that the averments attempting to bring the case within federal jurisdiction are real and substantial.

In error to the District Court of the United States for the Western District of Louisiana; George W. Jack, Judge.

Suit by Mrs. Cecelia Leonard Ellerbe against Jasper B. Kirklin. Judgment for plaintiff, and defendant brings error. Reversed, and case dismissed.

Rhydon D. Webb and James E. Smitherman, both of Shreveport, La. (Smitherman & Tucker and Thatcher & Webb, all of Shreveport, La., on the brief), for plaintiff in error.

Leon O'Quinn, of Shreveport, La. (Blanchard, Goldstein & Walker, of Shreveport, La., on the brief), for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. This suit was commenced by filing a petition which alleged that the plaintiff therein was in possession of the west half of a named quarter section of land in Caddo parish, Louisiana, that the defendant therein had trespassed and depredated on said land, and prayed that the defendant be restrained by injunction from trespassing or entering upon said land or from interfering in any manner with petitioner's possession thereof. Diversity of citizenship was not alleged, and the only ground of jurisdiction claimed is that a federal question was involved. The petition contained averments to the effect that the land mentioned was included in the grant by Congress to the state of Louisiana of swamp and overflowed lands, and in a grant by that state to the board of commissioners of the Caddo levee district, a corporation, and was sold and conveyed by that corporation to two named persons, who sold and conveyed it to the plaintiff. The petition also contained the following:

"Your orator avers that their title to said land and rights as owner and possessor result from acts of Congress of the United States and depend on the construction of same. That defendant falsely pretended to enter upon said land under a homestead entry made under the laws of the United States, but your orator avers that, if any homestead entry of said land exists, which is denied, same is an absolute nullity. That no rights whatever can or do exist thereunder, and that, even though your orators were without title, their possession of inclosed land cannot be divested, nor can such land be entered upon under a homestead entry. Your orators aver that this cause raises federal questions, the determination of which depends on the construction of acts of Congress of the United States and presents a case of which this honorable court has jurisdiction."

[1-4] The mere fact that the title of the plaintiff comes from a patent or under an act of Congress does not show that a federal question arises. Jurisdiction on that ground must appear by the petitioner's statement of his own claim, and it cannot be made to appear by the assertion in the plaintiff's pleading that the defense raises or will raise a federal question. The plaintiff in the first instance is confined to a statement of his cause of action, leaving it to the defendant to set up what is relied on as a defense. Joy v. St. Louis, 201 U. S. 332, 26 Sup. Ct. 478, 50 L. Ed. 776. Furthermore, without regard to the rule which was stated and applied in the just cited case, the petition does not show by a statement of facts, such as is required in good pleading, that the suit is one which really and substantially involves a dispute or controversy as to a right which depends upon the construction or effect of the Constitution, or some law or treaty of the United States; that the suit, in whole or in part, arose out of such controversy, or that a decision of the case depended upon such construction. It was not made to appear that there was any difference or dispute between the parties as to the meaning or effect of any law of the United States. Where jurisdiction is invoked on the ground that a federal question is involved, it is not enough to allege that such a question arises in the case. It must plainly appear that the averments attempting to bring the case within federal jurisdiction are real and substantial. Blumenstock Bros. v. Curtis Publishing Co., 252 U. S. 436, 40 Sup. Ct. 385, 64 L. Ed. 649; Blackburn v. Portland Gold Mining Co., 175 U. S. 573, 20 Sup. Ct. 222, 44 L. Ed. 276. We do not think that the record shows that the case is one of which the court has jurisdiction.

The judgment is reversed, and the case is dismissed for want of jurisdiction.