NORTHWESTERN   NATIONAL   INSURANCE   COMPANY,
PLAINTIFF, v.  ALBERT  ROBBINS,  INCORPORATED,
DEFENDANT.

Submitted March 22, 1923—Decided November 1, 1923.

It is the duty of an agent of an insurance company, when ordered
*peremptorily* by his company to cancel a policy *at once*, to exercise
reasonable diligence to execute the order, and his neglect to do so
renders him liable to the company for the resulting loss; and no
usage or custom that notice of cancellation be given only to the
broker who placed the insurance with him, who is neither the agent
of the company nor of the insured, will authorize a departure from
such instructions or relieve the agent from liability for such resulting
loss.

On plaintiff's rule to show cause why a verdict in favor of
the defendant should not be set aside.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE
and TRENCHARD.

For the rule, *Arthur F. Egner.*

*Contra, Durand, Ivins & Carton.*

The opinion of the court was delivered by

TRENCHARD, J.    This suit was brought by the North-
western National Insurance Company (a corporation of Wis-
consin) against its agent at Asbury Park, New Jersey, to
recover the amount which the company was obliged to pay
to one Bigget as the result of a suit brought by Bigget on a
fire insurance policy issued by it.

The policy was written on July 20th, 1918, by the defend-
ant, the company's agent at Asbury Park, and covered Big-
get's hotel.

On August 10th, 1918, the company ordered *peremptorily*
its agent, the defendant, to cancel the policy *at once*.   That

the defendant did not do. He merely wrote from time to time to one Miner, the broker who acted for Bigget in placing the insurance, stating that the company had requested cancellation and asking for the return of the policy at once. The policy was neither canceled nor returned. On October 18th, 1918, the hotel was destroyed by fire, and later Bigget recovered a judgment against the company on account of such loss. Thereupon the company brought this suit against the agent to recover the amount it was obliged to pay by reason of its agent's neglect. This suit resulted in a verdict for the defendant, and the company obtained this rule to show cause why such verdict should not be set aside.

We are of the opinion that it must be set aside.

It was the duty of the company's agent when ordered *peremptorily* to cancel the policy *at once,* to exercise reasonable diligence to execute the order, and his neglect to do so renders him liable to the company for the resulting loss. *Halsey* v. *Adams,* 64 *N. J. L.* 724.

No doubt that rule was recognized by the learned trial judge. But the defendant insisted that he was relieved from liability for failure to carry out such order by reason of his pursuance of a usage or custom which he sought to prove. Accordingly he was allowed to introduce evidence which it was contended tended to show a usage or custom that in case (as here) the insurance was placed through a broker, notice of cancellation be given by the agent to the broker who placed the insurance with him, and not to the insured; and the trial judge instructed the jury to the effect that if there was such a custom known or presumed to be known by the company, and if that custom was followed by the agent he would not be liable.

We think that such evidence was inadmissible and the instruction unsound.

The defendant was the plaintiff company's agent. It was his duty to use reasonable diligence to obey the order to cancel the policy. That was the obligation of his contract of agency. The broker was not the agent of the company. He was the

agent of the insured, but only for the purpose of placing the insurance, and such agency was terminated when the insurance was placed. To hold that the agent of the company, under *peremptory orders to cancel the policy at once,* discharges his duty and frees himself from further responsibility by notifying the broker according to such a custom; and leaving the matter entirely in his hands, would be contrary to the principle of the ruling in *Grace* v. *American Cent. Insurance Co.,* 109 *U. S.* 278, that it is not competent to prove a custom that notice to the broker should operate to cancel a policy. The policy provides that it may be canceled at any time by the company by giving five days' notice, and by necessary implication required such notice to the insured or to someone who was his agent to receive such notice. When the agent was peremptorily directed to cancel the policy at once, it became his duty to pursue the method required by the policy. If he chose to act through the broker, he made him his agent, and was responsible for his default. *Franklin Insurance Co.* v. *Sears,* 21 *Fed. Rep.* 290.

The rule will be made absolute.