## DOIDGE v. CUNARD S. S. CO., Limited (two cases).

Circuit Court of Appeals, First Circuit.
May 17, 1927.

Nos. 2073, 2074.

1. **Courts** ⊜⇒322(1)—**Jurisdiction of federal court must be made to affirmatively appear by appropriate allegation of citizenship.**

Jurisdiction of the federal court is never to be presumed, but it must be made to affirmatively appear, and citizenship of parties must be stated to give jurisdiction.

2. **Courts** ⊜⇒321—**One alien cannot sue another in federal court without raising federal question.**

One alien cannot sue another in federal court, unless a federal question is raised.

3. **Courts** ⊜⇒284—**Declaration alleging fraudulent act of steamship company's agent forging visé to passport held not to raise federal question, authorizing jurisdiction of federal court.**

Declaration in action for damages against steamship company resulting from plaintiff's failure to gain admission into the United States after passage from Great Britain, because of fraudulent and criminal act of defendant's agent in forging visé to passport and fraudulently representing that it was duly in order, *held* not to depend on any construction of immigration laws of United States, sufficient to raise federal question, so as to authorize federal court jurisdiction on such ground.

In Error to the District Court of the United States for the District of Massachusetts; James Arnold Lowell, Judge.

Separate actions by Bert Doidge, as administrator of the estate of May Doidge, and by Kathleen Doidge, by her father and next friend, against the Cunard Steamship Company, Limited. Judgment for defendant in each case, and plaintiffs bring error. Judgment in each case vacated, and case remanded, with directions.

Claude B. Cross, of Boston, Mass. (Sherman L. Whipple and Lothrop Withington, both of Boston, Mass., on the brief), for plaintiffs in error.

Arthur J. Santry, of Boston, Mass. (Putnam, Bell, Dutch & Santry, of Boston, Mass., on the brief), for defendant in error.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. These are two actions of tort. In the first the plaintiff, as the administrator of the estate of May Doidge, seeks to recover damages for her conscious suffering and death; and in the second, Kathleen Doidge, an infant, by her father as next friend, seeks to recover damages for illness alleged to have been caused by the defendant.

When the cases came on for trial the court below directed the jury to return a verdict for the defendant in both, after an offer of proof had been made by plaintiff's counsel to prove every allegation in the declarations; the court holding that neither declaration set forth a cause of action.

The plaintiff's intestate, in the first case, and her daughter, the minor plaintiff, in the second, came to the United States in November, 1923, as passengers on a steamship owned and operated by the defendant, and were refused admission to the United States by the immigration authorities because the visé of their passports had been forged in England by an agent of the defendant. They were detained at Ellis Island in New York harbor, where both contracted pneumonia, from the effects of which the mother died.

After an offer of proof by counsel for the plaintiff, but before any opening had been made to the jury, the court ordered a verdict returned, and stated that, after reading the pleadings, he should instruct the jury that no action could be maintained in either case, and, in the presence of the jury, stated that he would accept the offer of proof made by the plaintiff to substantiate every allegation in the declaration, and ruled that, on the facts so stated, there could be no recovery in either case.

The declaration in the first case alleges that the plaintiff is a resident of Boston, in the district of Massachusetts and was appointed administrator of the estate of May Doidge by the probate court of Suffolk county, Massachusetts, March 3, 1924; that the defendant is a corporation organized under the law of Great Britain, with its principal place of business in Liverpool, England, having a usual place of business in said Boston, and has appointed the commissioner of corporations and taxation of the commonwealth of Massachusetts its agent and attorney in order that legal service may be made upon it.

So far as material, the allegations in the action by the plaintiff, as administrator, are that his intestate went to one of the defendant's agents in England for the purpose of procuring passage for herself and her four year old daughter from Liverpool, England, to Boston, Mass., and was told by this agent that the quota of persons permitted to come to the United States of America from England was then full, but that she could be admitted to the United States under its immigration laws for a visit of six months, and before the expiration of said six months could request a six-months extension of said visit; and then within the year, make application for and be included within the quota of persons to be admitted from England; that the said agent represented to her that it was essential that he make the arrangements to have her British passport viséed by the United States consul in England; that, if she made application to have it viséed, her request would probably be refused; that she relied upon said representations, and purchased and paid the defendant for the transportation desired; that the agent signed a statement to the effect that the arrangements made by him would enable her and her child to land in Boston on arrival; that, relying upon these representations, she permitted him to arrange for a proper visé of her British passport by the United States consul in England, and he delivered a passport to her which he said was "duly in order"; that she sailed from Liverpool, England, on or about November 17, 1923, on one of the steamships of the defendant, and on her arrival at New York was refused admission into the United States, because the name of the American consul in England was forged upon the visé of her passport; that, after be-

ing refused admission, she was detained for several days at Ellis Island, in New York Harbor, in accordance with the immigration laws and regulations of the United States, and during said detention contracted pneumonia, from which she suffered great pain and anguish of mind, and died about December 13, 1923; that her illness and death were caused by the wrongful acts of the defendant or its agent.

In the second count in the declaration it is alleged that the defendant negligently failed to inform said May Doidge that her passport was not "duly in order," but accepted her as a passenger on its ship and brought her to New York, where she was denied admission into the United States; that the illness of the plaintiff's intestate was caused by the negligence of the defendant or its agents in not informing her that said passport was not "duly in order," as it knew, or should have known.

In the third count it is alleged that the defendant. after it knew that the said May Doidge had been refused admission to the United States. and the cause thereof, neglected to take proper and necessary steps to prevent her detention at Ellis Island, where she contracted pneumonia, from which she died. after suffering great pain and anguish.

The declaration in the second case contains the same allegations as the first, except as to damages.

While the assignments of error relate to the direction of a verdict by the court, the question of jurisdiction has been raised in argument and must be first considered. In the declaration in each case the plaintiff is described as a resident of Boston in the district of Massachusetts, while it is alleged that the defendant is a corporation organized under the laws of Great Britain. with its principal place of business in Liverpool, England, having a usual place of business in said Boston.

[1] The jurisdiction of a federal court is never to be presumed, but must be made to affirmatively appear. It has been repeatedly held that a federal court is without jurisdiction, unless the citizenship of the parties is stated. Grace v. American Central Ins. Co., 109 U. S. 278, 3 S. Ct. 207, 27 L. Ed. 932; Neel v. Pennsylvania Co., 157 U. S. 153, 15 S. Ct. 589, 39 L. Ed. 654; Mayer v. Cohrs (C. C.) 188 F. 443.

In Continental Ins Co. v. Rhoads, 119 U. S. 237, 7 S. Ct. 193, 30 L. Ed. 380, a declaration in an action at law in the Circuit Court of the United States by an administrator, alleged that the intestate was a citizen of the state in which the action was brought, that letters of administration were granted plaintiff in that state, and that the defendant was a citizen of another state, without any allegation respecting the citizenship of the administrator, and it was held that jurisdiction must appear positively and that it depends not on the citizenship of the intestate, but that of the plaintiff, the administrator, citing Amory v. Amory, 95 U. S. 186, 23 L. Ed. 436.

[2] If the plaintiff in each case be an alien, as suggested by counsel, but of which there is no direct evidence in the record, then these actions cannot be maintained, for the defendant is alleged to be a corporation organized under the laws of Great Britain, and one alien cannot sue another in a federal court unless a federal question is raised. Cunard S. S. Co. v. Smith (C. C. A.) 255 F. 846; Montalet v. Murray, 4 Cranch, 46, 2 L. Ed. 545; Mossman v. Higginson, 4 Dall. 12, 1 L. Ed. 720; Jackson v. Twentyman, 2 Pet. 136, 7 L. Ed. 374; Grace v. American Central Ins. Co., 109 U. S. 278, 284, 3 S. Ct. 207, 27 L. Ed. 932; Stuart v. Easton, 156 U. S. 46, 15 S. Ct. 268, 39 L. Ed. 341; Cissel v. McDonald, Fed. Cas. No. 2,729.

There is no federal question in these cases.

While a federal District Court has jurisdiction of all cases arising under the immigration laws of the United States, these cases do not call for any construction of the immigration law, but they are founded upon the fraudulent and criminal act of the defendant's agent in forging the name of an American consul to a visé upon a British passport.

In the stipulation of the parties in these cases it it agreed that the visé of this passport was not made by the American consul or vice consul at Bradford, England, or any one authorized to make such visé, and states:

"That in order to obtain a visé from the American consul in England it is necessary for a person to make personal application therefor, and that the records of the American consular office at Bradford, England, show that no formal application was made by the deceased, May Doidge, from a visé, and that no such application was received by said office."

The declaration alleges that the plaintiff's intestate was refused admission into the

United States, because of the irregularity in the visé of her passport, and that said signature was forged by the agent of the defendant.

[3] It is clear that the fraudulent and criminal act of the defendant's agent in forging the visé to the passport and fraudulently representing that it was "duly in order" is the gist of the plaintiff's action in each case and that the right to recover in each in no way depends upon any construction of the immigration laws of the United States.

In Carson v. Dunham, 121 U. S. 421, 427, 7 S. Ct. 1030, 1033 (30 L. Ed. 992), the court said:

"The suit must be one in which some title, right, privilege, or immunity on which the recovery depends will be defeated by one construction of the Constitution, or a law or treaty of the United States, or sustained by a contrary construction." See Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 S. Ct. 654, 38 L. Ed. 511; Boston & Montana, etc., Mining Co. v. Montana, etc., Co., 188 U. S. 632, 23 S. Ct. 434, 47 L. Ed. 626; Western Union Tel. Co. v. Ann Arbor Rd. Co., 178 U. S. 239, 20 S. Ct. 867, 44 L. Ed. 1052; Defiance Water Co. v. Defiance, 191 U. S. 184, 24 S. Ct. 63, 48 L. Ed. 140; American Well Works Co. v. Layne & Bowler Co., 241 U. S. 257, 36 S. Ct. 585, 60 L. Ed. 987; Devine v. Los Angeles, 202 U. S. 313, 36 S. Ct. 652, 50 L. Ed. 1046; Kirklin v. Ellerbe (C. C. A.) 278 F. 168.

In each case the judgment of the District Court is vacated, the verdict is set aside, and the case is remanded to that court, with instructions to dismiss for want of jurisdiction.

ANDERSON, Circuit Judge. I am at least doubtful as to the conclusion that there is no federal question. A construction of the federal law relative to immigration is plainly necessary, in order to determine whether Mrs. Doidge and her daughter suffered the wrongs complained of. Unless the allegations as to quota and the duty of the steamship company were substantially as alleged, the forgery and mendacity of the defendant's agent would have been harmless. Of course, the essence of the wrong is tort; but, if the tort was grounded on a duty arising out of a construction of federal statutes, I cannot free my mind from doubt as to whether a federal question is not involved.