## EQUALITY CLEANERS & LAUNDRY, Inc., et al. v. FLORIDA DRY CLEANING & LAUNDRY BOARD et al.

### No. 69.

District Court, S. D. Florida, Tampa Division.

March 8, 1939.

E. F. P. Brigham and Vincent C. Giblin, both of Miami, Fla., and Thomas Palmer and R. M. Huntley, both of Tampa, Fla., for plaintiffs.

McKay, Macfarlane Jackson & Ramsey and Chester H. Ferguson, all of Tampa, Fla., for defendants.

Before FOSTER, Circuit Judge, and ERVIN and AKERMAN, District Judges.

FOSTER, Circuit Judge.

Equality Cleaners and Laundry, Inc. and Benzol Quality Cleaners and Laundry, Inc. brought this action seeking interlocutory and final injunctions to prevent the Florida Dry Cleaning & Laundry Board, its individual members and chief supervisor from enforcing the provisions of Chapter 17894 of the laws of Florida, Acts of 1937, approved June 2, 1937, on the ground that it violates the 14th Amendment, U.S.C.A.Const. The complaint alleges diversity of citizenship and that the amount in controversy exceeds $3,000 exclusive of interest and costs. Defendant filed answer denying the allegations as to the amount in controversy and moved to dismiss the suit for want of jurisdiction.

In substance, the challenged act provides for the creation of a board with authority to supervise and regulate the entire cleaning, dyeing, pressing and laundry industry of the state, with authority to fix minimum and maximum prices for the rendering of service. The Act provides that persons doing that class of business in the state shall register with the Board, pay a registration fee of $25.00, annual license fees of $25.00 for each power plant, $5.00 for each agency or branch store and $1.00 for each clerk of a certain classification.

The complaint substantially alleges that each of the plaintiffs conducts a "cash and carry" cleaning, dyeing, pressing and laundry business. By this is meant customers deliver the articles to be cleaned or laundered to the places of business of plaintiffs and carry them away after the work is completed, paying before delivery. The complaint further alleges: that by elimination of the expense of delivery plaintiffs materially minimize the cost of doing business; that their prices are materially less than the minimum prices fixed by the

Board; that despite the low prices charged, plaintiffs are and will be able to render efficient service, earn a fair profit in their businesses and a reasonable and fair return upon their investments in said businesses; that plaintiffs have failed and refused and do not intend to put into effect or charge their customers the minimum prices fixed by the Board and have failed and refused to register under the act and do not intend to pay the license or registration fees; that plaintiffs have each established and equipped, at substantial cost, a place of business in the city of Tampa and are conducting at such places cleaning, dyeing, pressing and laundry businesses; that plaintiffs are prepared to and intend to immediately spend and invest large and substantial sums of money, exceeding $100,000, in the establishment and equipping of other places of business in other cities and towns in Florida; that the enforcement of the Act and orders of the Board will deprive plaintiffs of their liberty of contract without due process at law, in violation of the 14th Amendment.

Unless we have jurisdiction over the subject matter of the suit we are without authority to consider and decide the important constitutional question presented. On the question of jurisdiction we find the facts as follows:

Both plaintiffs were incorporated under the laws of Delaware and shortly thereafter were admitted to do business in the state of Florida, on February 13, 1939. The same day they opened the two places of business referred to in the bill. The next day this suit was filed. Plaintiffs' places of business consist merely of small offices in charge of a single clerk. Neither plaintiff owned nor operated a plant for the doing of ·laundry or cleaning, dyeing and pressing of clothes at the time the bill was filed. Nor is it shown that the said plants were established prior to the hearing, or that plaintiffs have done any work at all for the public in Florida. • It appears from orders of the Board, annexed to and made part of the complaint, that maximum and minimum prices for laundry, cleaning, dyeing and pressing of numerous articles of clothing for men, women and children, have been fixed by the Board. These minimum prices for the "cash and carry" operators are approximately 10% less than are fixed for those who send for and collect the articles to be cleaned or laundered and then deliver them after the work is done. It is not shown what actual prices plaintiffs intend to charge for their work or what volume of business they expect to do.

This court is without jurisdiction unless the amount involved exceeds $3,000 exclusive of interest and costs. 28 U.S.C.A. § 41. And, if at any time it shall appear to our satisfaction that the suit does not really ·and substantially involve a controversy properly within the jurisdiction of this court, it is our duty to dismiss it. 28 U.S.C.A. § 80. Courts of the United States are of limited jurisdiction and a presumption against jurisdiction obtains throughout the trial of the case. Grace v. American Central Ins. Co., 109 U.S. 278, 3 S.Ct. 207, 27 L.Ed. 932. Where the complaint alleges sufficient jurisdictional amount and that is denied by the answer, the burden of proving jurisdiction rests upon plaintiff. While it has frequently been said that in a suit to enjoin the enforcement of a state statute, alleged to be unconstitutional, the value of the right to do business is the amount in controversy, that amount may not be determined by the investment in the business nor the volume of business transacted within a given period. It is to be measured by the damage that will result to plaintiff by being forced to do business hampered by the illegal statute. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135. In this case there is a total failure to show what damage plaintiffs would suffer. Plaintiffs are at liberty to do business by complying with the statute and the orders of. the Board. As they intend to charge less than the minimum prices fixed by the Board it is apparent loss could occur only through diminution of the volume of business. Since plaintiffs have never been actually in business rendering service to the public, there is no yard stick by which to measure this loss. The amount of fees they would have to pay under the act is far below the jurisdictional amount.

The conclusion we reach is that the court is without jurisdiction as the amount in controversy is not shown to exceed $3,000 exclusive of interest and costs. The motion of defendants to dismiss the proceeding will be sustained.