**MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., Plaintiff,**

v.

**Robert M. SAULS et al., Defendants.**

**No. C–340–WS–72.**

United States District Court,
M. D. North Carolina,
Winston-Salem Division.

Memorandum Order Dec. 18, 1972.

Order of Dismissal Dec. 27, 1972.

William F. Womble, Winston-Salem, N. C., for plaintiff.

Fred G. Crumpler, Jr., and Walter R. Jones, Jr., Winston-Salem, N. C., for Sauls.

Larry B. Sitton, Greensboro, N. C., for Edison Homes-Southeast, Inc.

William G. Mitchell, North Wilkesboro, N. C., for Northwestern Bank.

William R. Hoke, Raleigh, N. C., for Extendicare, Inc.

## MEMORANDUM ORDER

WARD, District Judge.

The facts of this case necessitate a dismissal of the complaint for failure to state sufficient jurisdictional basis for this Court to further entertain this action. Plaintiff filed the complaint in this Court on November 28, 1972. The allegations as to jurisdiction were as follows. Plaintiff, Merrill Lynch, Pierce, Fenner & Smith, Inc., was a Delaware corporation with its principal place of business in the State of New York. The defendants, Robert and Ruby Sauls, were alleged to be citizens of the State of North Carolina. Defendant, Edison Homes-Southeast, Inc., was alleged to be a Delaware corporation with its principal place of business in the State of North Carolina. Defendant, Northwestern Bank, was alleged to be a banking institution organized under the laws of North Carolina with its principal place of business in that state. The amount in controversy was alleged to exceed Ten Thousand Dollars ($10,-000). On December 12, 1972, plaintiff amended its pleading as a matter of course under Rule 15(a), Federal Rules of Civil Procedure, adding Extendicare, Inc., as a defendant, along with making additions to its original cause of action. Extendicare, Inc., was alleged to be a Delaware Corporation with its principal place of business at Louisville, Kentucky.

■ In anlyzing the allegations of jurisdiction in this case, this Court looks for guidance to the following cases. Grace v. American Central Ins. Co., 109 U.S. 278, 3 S.Ct. 207, 27 L.Ed. 932, (1883), enunciated the principle that since the Courts of the United States are of limited jurisdiction, a cause can be presumed to be without jurisdiction, unless there is affirmative evidence to the contrary. A concise statement of this doctrine appears in Robertson v. Cease, 97 U.S. 646, 649, 24 L.Ed. 1057, 1058 (1878).

> It is the settled doctrine of this court that, in cases where the jurisdiction of the Federal Courts depends upon the citizenship of the parties, the facts, essential to support that jurisdiction, must appear somewhere in the record.

More recently, in McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135, 1141 (1936), Chief Justice Hughes said,

> The prerequisites to the exercise of jurisdiction are specifically defined and the plain import of the statute is that the District Court is vested with authority to inquire at any time whether these conditions have been met. They are conditions which must be met by the party who seeks the exercise of jurisdiction in his favor. He must allege in his pleading the facts essential to show jurisdiction. If he fails to make the necessary allegations he has no standing.

The case of Louisville and Nashville Railroad Co. v. Mottley, 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908), outlines the duty of the court to insure that the jurisdiction of the courts of the United States is not exceeded. This case expresses approval of the dismissal of an action on the court's own motion.

While plaintiff's allegations of jurisdiction in its complaint did not set out the grounds thereof as required by Rule 8, Federal Rules of Civil Procedure, it appears to the Court that plaintiff seeks to allege jurisdiction based on diversity of citizenship, as set out in the United States Code as follows:

28 U.S.C. § 1332.

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—

(1) citizens of different States;

(2) citizens of a State, and foreign states or citizens or subjects thereof; and

(3) citizens of different States and in which foreign states or citizens or subjects thereof are additional parties.

. . . . . .

(c) For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business: . . .

A brief quote from 1 Moore's Federal Practice, Sec. 0.77 (2.—1), p. 717.40, explains how citizenship of corporations is determined for purposes of satisfying diversity jurisdiction under Section 1332:

Under the 1958 amendment, a corporation, for purposes of original and removal jurisdiction of the district courts, is deemed to be:

"a citizen of any State by which it has been incorporated *and* of the State where it has its principal place of business."

Thus a corporation which has its principal place of business in a state other than the one in which it is incorporated is a citizen of both states. *It has a dual citizenship. Accordingly, as the cases make clear, a corporation, or a party suing a corporation, does not have a choice of alleging only one of the corporation's citizenships.* (Emphasis added)

A further explanation of this jurisdictional statute can be drawn from the case of Strawbridge v. Curtiss, 3 Cranch (U.S.) 267, 2 L.Ed. 435 (1806). That case requires that the actual controversy be between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side. This excludes from the jurisdiction of courts of the United States cases in which any of the plaintiffs and defendants are citizens of the same state.

In this case, there are citizens of the same state on both sides of the controversy. Plaintiff is a Delaware corporation, and defendants, Edison Homes-Southeast, Inc., and Extendicare, Inc., are also Delaware corporations. Hence plaintiff's allegations fail to show diversity of citizenship, and no other ground has been alleged or shown to support jurisdiction of this cause before this Court.

It is, therefore, ordered and adjudged that plaintiff has failed to allege proper and complete grounds for jurisdiction to support this Court's entertaining this suit. Therefore, this action will be dismissed unless the plaintiff within thirty (30) days from the date of this order properly satisfies this Court of its jurisdiction to hear this controversy.