Shirley **JOHNSON**, Plaintiff,

v.

**TEXAS DEPARTMENT OF CORREC-
TIONS et al., Defendants.**

**Civ. A. No. 73–H–1278.**

United States District Court,
S. D. Texas,
Houston Division.

April 11, 1974.

———◆———

J. Jerry Merchant of Merchant, Bar-
field & Poff, Amarillo, Tex., for plain-
tiff.

John L. Hill, Atty. Gen. of Tex., Jack
Sparks, Asst. Atty. Gen., Austin, Tex.,
for defendants.

MEMORANDUM AND ORDER

NOEL, District Judge.·

This is a tort action arising out of the
fatal crash of a Texas Department of

Corrections airplane into the crest of a Colorado mountain. An escaped prisoner, William Perry Johnson, who was being transferred following his capture in the State of Oregon, and the two pilots of the aircraft lost their lives in the crash. The prisoner's widow (whom he had allegedly married in Oklahoma after his escape from prison) brings this action against the Texas Department of Corrections (hereinafter referred to as TDC) and the Executrix and Administratrix of the estates of the deceased pilots. Jurisdiction is predicated upon 28 U.S.C. § 1332. Recently, plaintiff entered into a stipulation dismissing all parties from the suit except the TDC.

Defendant TDC has filed a motion to dismiss or, in the alternative, a motion for summary judgment. As grounds for said motion, defendant proffers five separate reasons why the instant complaint may not be maintained. Defendant's primary contention for dismissal is founded upon the right of a State (or its agencies) not to be sued without the consent of the State—the familiar doctrine of sovereign immunity.

However, before the Court can investigate whether the TDC may invoke sovereign immunity or whether it has been waived under state law, the jurisdiction of this Court must be clearly demonstrated. There is never a presumption in favor of federal jurisdiction, but rather the basis for such jurisdiction must be affirmatively evidenced by the party invoking it. Grace v. American Central Ins. Co., 109 U.S. 278, 3 S.Ct. 207, 27 L.Ed. 932 (1883). The obvious reason for the rule is that the United States District Court is a court of limited jurisdiction, simply "[a] creature[s] of statute [possessing] only such jurisdiction as the statutes expressly confer, and this jurisdiction must always affirmatively appear." LeMieux v. Tremont Lumber Co., 140 F.2d 387, 389 (5th Cir. 1944). The prerequisites to the exercise of jurisdiction are specifically defined. They are conditions which must be met by the party seeking jurisdiction in his favor. He must in his pleading allege the facts essential to show jurisdiction, failing which he has no standing. McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 179, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1935).

Jurisdiction here was premised on 28 U.S.C. 1332 which provides in pertinent part, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000 . . . . and is between . . . . citizens of different states." It is uncontroverted that plaintiff is a resident of and therefore a citizen of Oklahoma. Yet, for diversity jurisdiction to exist, the TDC must also fall within the definition of the term "citizen."

It is well established that a State cannot be made a party defendant in a federal district court by a private litigant based upon diversity of citizenship. State Highway Commission of Wyoming v. Utah Construction Co., 278 U.S. 194, 199–200, 49 S.Ct. 104, 73 L.Ed. 262 (1929). States are simply not "citizens" within the meaning of 28 U.S.C. 1332. Moreover, suits against state agencies are considered suits against the state, except where the agency is endowed with such a separate and distinct existence that its activities are not those of the state. Craig v. Southern Natural Gas Co., 125 F.2d 66 (5th Cir. 1942). The best and most appropriate source for discovering the status of the TDC vis-a-vis the State of Texas lies in the pronouncements of the Texas courts. Louisiana Land & Exploration Co. v. State Mineral Board, 229 F.2d 5, 7 (5th Cir. 1955) cert. denied 351 U.S. 965, 76 S.Ct. 1029, 100 L.Ed. 1485 (1955). A suit against the prison system and the prison board is a suit against the State of Texas. Texas Prison Board v. Cabeen, (Tex.Civ.App.—Beaumont 1942), 159 S.W.2d 523, 525 err. ref. In *Cabeen* it was determined that the Bureau

of Prisons (now statutorily designated the TDC) is not a separate legal entity from the State. However, in determining the appropriate status of the TDC, the federal courts will be influenced but not mandated by state decisions, and ultimately the decision concerning the status of the TDC within the framework of this suit must be made by the federal court. Louisiana Highway Commission v. Farnsworth, 74 F.2d 910 (5th Cir. 1935), cert. denied 294 U.S. 729, 55 S.Ct. 638, 79 L.Ed. 1259 (1935).

A careful scrutiny of the legislative provisions establishing and maintaining the TDC, Vernon's Ann.Civ.St. arts. 6166a–6203g, reveals that the TDC performs a basic governmental function of the State. Thus, the TDC is merely the alter ego of the State of Texas. The State of Texas is the real party in interest and as such cannot be a "citizen" within the meaning of the provisions under which a United States District Court can acquire jurisdiction in cases of diversity of citizenship. Cf. Dacey v. Florida Bar, Inc., 414 F.2d 195 (1969).

Even though a state, on behalf of one of its agents, may in certain instances, waive immunity from suit, such waiver cannot thereby create diversity jurisdiction if the agency is in fact not a "citizen." Nor can the fact that an agency of the state may not waive its Eleventh Amendment privilege not to be subject to suit create diversity. Centraal Stikstof Verkoopkanter, N.V. v. Alabama State Docks Dept., 415 F.2d 452 (5th Cir. 1969). Consequently, this Court cannot determine if under Texas law there has been a waiver of sovereign immunity because there is no federal jurisdiction to determine the matter. Therefore, without passing upon or intimating an opinion on the TDC's claim of sovereign immunity, the cause of action, if any, against the TDC must be dismissed without prejudice to plaintiff's right to maintain the cause of action in the appropriate forum.