Richard SAVORY, Robert Savory, by his parent and natural guardian, Mary J. Savory, and Mary J. Savory in her own right

v.

KAWASAKI MOTOR CORP., U.S.A. and Kawasaki Heavy Industries, Limited, Individually and trading as Kawasaki Motor Corp., Japan

v.

Jon C. FARAGO, D & A Cycle, Inc., trading as D & A Kawasaki and Commonwealth of Pennsylvania, Department of Transportation.

Civ. A. No. 78-4232.

United States District Court,
E. D. Pennsylvania.

July 16, 1979.

Barry S. Lyons, Philadelphia, Pa., for plaintiffs.

Bruce D. Lombardo, Edwin L. Scherlis, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the Court is the motion of third-party defendant Commonwealth of Pennsylvania Department of Transportation ("Commonwealth") to dismiss for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). The motion is opposed by defendants Kawasaki Motor Corporation, U.S.A., and Kawasaki Heavy Industries, Limited ("Kawasaki"). Jurisdiction is based upon diversity of citizenship. For the reasons stated below, the motion of the Commonwealth to dismiss will be granted.

This controversy arises out of a motorcycle accident that occurred on May 7, 1977,

on a state highway between plaintiff Richard Savory and third-party defendant Jon Farago ("Farago"), the driver of another vehicle. As a result of alleged injuries sustained in that accident, plaintiff instituted this suit on December 18, 1978. Subsequent to the suit being brought, Kawasaki joined the driver Farago as a third-party defendant. Kawasaki also joined the Commonwealth as a third-party defendant for the right of contribution and/or indemnification, alleging the failure to the Commonwealth to adequately design and maintain the road upon which plaintiff was injured.

The controlling issue now before the Court is whether the Eleventh Amendment to the United States Constitution bars suit against the Commonwealth in federal court. The Eleventh Amendment states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

The Eleventh Amendment has been held to preclude federal court jurisdiction over suits brought against an unconsenting state by its citizens. *Edelman v. Jordan*, 415 U.S. 651, 663, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Kawasaki alleges that the Pennsylvania Supreme Court in *Mayle v. Pennsylvania Depart. of Highways*, 479 Pa. 384, 388 A.2d 709 (1978), waived Eleventh Amendment sovereign immunity as to suits brought against the Commonwealth in federal court. The court in *Mayle* held:

> This rule of "sovereign immunity" has been recently upheld by this Court. *We today abrogate this doctrine of "sovereign immunity."* We conclude that the doctrine is unfair and unsuited to the times and that this Court has the power to abolish the doctrine.

479 Pa. at 386, 388 A.2d at 709–710 (emphasis added).

While the *Mayle* court did expressly waive the doctrine of "state" sovereign immunity, this does not constitute a waiver, without more, of Eleventh Amendment sovereign immunity. *Kennecott Copper Corp. v. State Tax Comm.*, 327 U.S. 573, 578–579, 66 S.Ct. 745, 90 L.Ed. 862 (1946). A state's consent to suit in state court does not necessarily constitute a waiver of Eleventh Amendment immunity to suit in federal court. *See Richins v. Industrial Construction, Inc.*, 502 F.2d 1051, 1055 (10th Cir. 1974); *Scott v. Board of Supervisors of Louisiana State U.*, 336 F.2d 557, 558 (5th Cir. 1964); *Markham v. City of Newport News*, 292 F.2d 711, 716 (4th Cir. 1961). The Third Circuit Court of Appeals has distinguished between state sovereign immunity and Eleventh Amendment sovereign immunity. *O'Neill v. Pennsylvania*, 459 F.2d 1, 2 (3d Cir. 1972). In this regard, this Court is in full concurrence with the holdings and rationale of other district courts in this circuit that have similarly held that *Mayle* did not waive the Eleventh Amendment right to sovereign immunity. *Ruman v. Com. of Pa. Dept. of Revenue*, 462 F.Supp. 1355, 1360–1361 (M.D.Pa.1979); *Hernandez v. Whitesell*, 462 F.Supp. 569, 574 (E.D.Pa.1978). *Contra, Greenfield v. Vesella*, 457 F.Supp. 316, 320 (W.D.Pa.1978). Recently, in *Aslaksen v. Baxter et al.*, No. 77–1691 (E.D.Pa., May 31, 1979), involving a similar motion to dismiss by the Department of Transportation as a third-party defendant, the court granted the motion based upon *Skehan v. Bd. of Trustees of Bloomsburg State Col.*, 590 F.2d 470, 486–487 (3d Cir. 1978).[1]

Furthermore, as the court in *Ruman* held that, while a state may waive its Eleventh Amendment immunity, the waiver must not be lightly inferred but must be clear and unequivocal. *See Daye v. Commonwealth of Pennsylvania*, 483 F.2d 294,

---

1. It should be noted that the Third Circuit Court of Appeals in *Skehan*, holding that the Commonwealth has not waived its Eleventh Amendment immunity, based its decision solely upon the language of recently enacted Pennsylvania House Bill No. 2437, Act No. 1978–152, 1978 Pa.Legis.Serv. 629–636. The circuit court specifically declined to express an opinion as to whether the *Mayle* decision was only a waiver of state sovereign immunity and not Eleventh Amendment immunity. *See Skehan v. Bd. of Trustees of Bloomsburg State Col., supra,* 590 F.2d at 487.

298 (3d Cir. 1973), *cert. denied*, 416 U.S. 946, 94 S.Ct. 1956, 40 L.Ed.2d 298 (1974). This Court is in agreement with the court in *Ruman* that the *Mayle* decisions did not constitute a clear and unequivocal waiver of the Commonwealth's Eleventh Amendment sovereign immunity. *Ruman v. Com. of Pa. Dept. of Revenue, supra*, 462 F.Supp. at 1361.

■ Kawasaki also contends that the Department of Transportation, as an agency of the state, is not entitled to Eleventh Amendment sovereign immunity protection. This Court has previously addressed this issue, finding that a state's Eleventh Amendment immunity is not limited solely to actions where the state is a party of record but applies to cases involving agencies or instrumentalities when the state is a real party in interest. *DiPietro v. The Garden State Racing Assoc.*, 463 F.Supp. 574, 576 (E.D.Pa.1978). As stated in *Edelman v. Jordan, supra*, 415 U.S. at 663, 94 S.Ct. at 1356, *citing with approval, Ford Motor Co. v. Dept. of the Treasury*, 323 U.S. 459, 464, 65 S.Ct. 347, 89 L.Ed. 389 (1945):

> . . . when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants.

Suit here is brought against the Department of Transportation but is, in effect, seeking monetary relief against the Commonwealth. The Department of Transportation, as an executive agency of the state, is controlled by the Commonwealth and acts as its "alter ego" in accomplishing a public purpose—that being, in part, to construct and maintain the state roadways using state tax revenues and employing state employees under the control of the state executive branch. *See Johnson v. Texas Dept. of Corrections*, 373 F.Supp. 1108, 1109–1110 (S.D.Tex.1974). *See also Euster v. Penna. State Horse Racing Com'n*, 431 F.Supp. 828, 830 (E.D.Pa.1977).

Finding an Eleventh Amendment bar to suit in federal court against the Commonwealth, the other issues raised by the parties concerning the application and constitutionality of the recently enacted Pennsylvania legislation affecting sovereign immunity, House Bill No. 2437, Act No. 1978–152, 1978 Pa.Legis.Serv. 629–636, need not be addressed by the Court at this time.