**TAYLOR & FRANCIS GROUP, PLC, et al.**

v.

**William P. McCUE, et al.**

**No. CIV. A. 00–5250.**

United States District Court, E.D. Pennsylvania.

May 9, 2001.

Dennis Mc Cooe, Timothy D. Pecsenye, Blank, Rome, Comisky & McCauley, LLP, Philadelphia, PA, for plaintiffs.

David R. Fine, Kirkpatrick and Lockhart, Harrisburg, PA, for defendants.

## MEMORANDUM

ROBERT F. KELLY, District Judge.

Plaintiffs instituted this action against Defendants William P. McCue and Carla M. Petrelli[1], d/b/a Europa Publications and Extras Casting. The complaint alleges four (4) claims: (1) Trademark Infringement under the Lanham Act, 15 U.S.C. § 1125(a); (2) Violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d); (3) Violation of the Federal Trademark Dilution Act, 15 U.S.C. § 1125(c); and (4) Injury to Business Reputation under 54 Pa.Cons.Stat.Ann. § 1124. This Court has subject matter jurisdiction over the federal Trademark Claims and supplemental jurisdiction over the related state law claim. This matter is

---

[1]. Carla M. Petrelli is now the wife of William P. McCue (Declaration of William P. McCue, Exhibit A to Motion to Dismiss) (hereinafter "First Declaration of William P. McCue").

now before the Court on Defendants' Motion to Dismiss for Improper Venue.

■ Defendants, as the moving parties, bear the burden of proving that venue is improper. *See Myers v. American Dental Ass'n*, 695 F.2d 716, 724 (3d Cir.1982), *cert. denied* 462 U.S. 1106, 103 S.Ct. 2453, 77 L.Ed.2d 1333 (1983); *Simon v. Ward*, 80 F.Supp.2d 464, 468 (E.D.Pa.2000); *Superior Precast, Inc. v. Safeco Ins. Co. of America*, 71 F. Supp.2d 438, 442 (E.D.Pa.1999).

In a civil action where jurisdiction is not based solely on diversity of citizenship, such as the present case, suit must be brought only in (1) the district where any defendant resides, if all reside in the same state; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) a district where any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).

**VENUE UNDER 28 U.S.C. § 1391(b)(1)**

Defendants contend that they do not reside in the Eastern District of Pennsylvania, but have in fact resided in Pittsburgh, in the Western District of Pennsylvania, for more than twenty-five (25) years. *See* First Declaration of William P. McCue.

Plaintiffs argue that because of the manner in which the Defendants conducted the business, it should be treated as a corporation, in which case 28 U.S.C. § 1391(c) would control. The relevant portion of that section states that a "corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction."

In Exhibit "A" to Defendants' Reply Brief, a Second Declaration of William P.

McCue ("Second Declaration") states, under penalty of perjury, that Europa Publications and Extras Casting are names under which he does business and he further states that they are operated as sole proprietorships. In addition, it appears from the First Declaration that McCue made all the decisions associated with Europa Publications, registered the domain names that are the subject of this litigation, and designed, developed and operated the web site associated with those domain names. Based upon the foregoing, I find that McCue operated the business as a sole proprietorship with its residence in the city of Pittsburgh in the Western District of Pennsylvania. Venue, therefore, under 28 U.S.C. § 1391(b)(1) cannot be established in the Eastern District of Pennsylvania.

**VENUE UNDER 28 U.S.C. § 1391(b)(2)**

Since this Court has already determined that Defendants do no reside in this district and that there is another district in which this case can be brought, namely the Western District of Pennsylvania, the only other possible basis for venue in this district would be that a substantial part of the events or omissions giving rise to the claim occurred in this district. 28 U.S.C. § 1391(b)(2).

■ With respect to the cybersquatting claims[2], Defendants registered each of the subject domain names with Network Solutions, Inc. ("NSI"), which provides domain name registration services in the state of Virginia. *See* First Declaration of William P. McCue ¶¶ 3, 9. There is absolutely no connection between this district and the cybersquatting claims. The only possible relationship would be that this district is Plaintiffs's office location. In a venue analysis, however, where the plain-

---

**2.** Cybersquatting is, generally, when a person registers another's trademark as an internet domain name with the intent to profit from that domain name. 15 U.S.C. § 1125.

tiff or the alleged trademark reside is not relevant. *See Cottman Transmission Systems, Inc. v. Martino,* 36 F.3d 291, 295 (3d Cir.1994). I, therefore, find that venue does not lie in the Eastern District of Pennsylvania on the cybersquatting claims.

■ Plaintiffs claim that they own the trademark EUROPA PUBLICATIONS and that Defendants infringed and diluted that mark by selling Plaintiffs' books through Defendants' website. It appears that Defendants designed and developed their websites in another district, operated their website in another district, have their website hosted in another district, and shipped Plaintiffs' books from another district. *See* First Declaration of William P. McCue ¶¶ 4–6. Plaintiffs allege two specific instances of contact with this district, but do not allege that either of these contacts constituted the infringement or dilution complained of. It appears that one of the contacts had absolutely no bearing on this litigation. It appears that the second alleged contact between the parties led to Plaintiffs extending a business account to Defendants. This contact has no connection to the claims asserted in this litigation. The only facts relevant to a venue analysis are those facts that constitute a substantial part of the events or omissions giving rise to the claim. In this situation, therefore, only those events that relate to the alleged infringement or dilution are relevant. Plaintiffs argue that the "fact that Defendants accepted goods FOB Levittown, PA is crucial to this venue analysis." Plaintiffs' Brief at 11. In a trademark case, the claimed wrongs occur where the passing off occurred. *See Cottman Transmission Systems v. Martino,* 36 F.3d 291, 294–95 (3d Cir.1994). Passing off occurs where the deceived customer buys defendant's product in the belief that he is buying plaintiff's. Plaintiffs must show that Defendants passed off Plaintiffs' books in this

district since passing off occurs where the deceived customer buys the defendant's product on the belief that it is buying the plaintiff's. *See Vanity Fair Mills Inc. v. T. Eaton Co.,* 234 F.2d 633, 639 (2d Cir. 1956). Therefore, if venue is to be established in this district, defendant must have sold Plaintiffs' books in this district via its website. According to the First Declaration of William P. McCue ¶ 8, Defendants have not transacted or procured any sales of Plaintiffs' books in this district via its website. The fact that McCue may have taken title to the books FOB Levittown PA is of no consequence. The buying of books by McCue is not a trademark infringement.

The fact that McCue may have had e-mail correspondence with a Jim Cook of "Taylor–Francis", even if Cook was located in this district, would not supply the substantial contacts necessary, because the buying of Plaintiffs' books by Defendants is not a trademark violation. For the foregoing reasons, I find that venue has not been established in this district for the alleged trademark violations of EUROPA PUBLICATIONS.

■ Plaintiffs also claim that they own the trademark World Of Learning and that Defendants' website located at <worldoflearning.com> infringes and dilutes their world of learning mark. As with their EUROPA PUBLICATIONS claims, in order to show that venue is proper in this district with respect to World of Learning, a substantial part of the events giving rise to the claim must have occurred in this district. It appears that the Defendants designed and developed their website, operated their website and had their website hosted in a district other than the Eastern District of Pennsylvania. *See* First Declaration of William P. McCue at ¶ 10–11. Defendants have never sold or offered to sell any of Plaintiffs' books over

the World of Learning Website. *See id.* at ¶ 12. Plaintiffs must show that Defendants engaged in some passing off in this district. *See Cottman,* 36 F.3d at 294. Because Defendants did not offer to sell any of Plaintiffs' books over the World of Learning website in this district, I find that venue for this claim is not in the Eastern District of Pennsylvania.

## ORDER

AND NOW, this 9th day of MAY, 2001, upon consideration of Defendants' Motion to Dismiss for Improper Venue and Plaintiffs' Response thereto, it is hereby

ORDERED that Defendants' Motion is GRANTED and the Complaint is DISMISSED without prejudice.