Sean **REED**

v.

**WEEKS MARINE, INC.**

No. 01–CV–0759.

United States District Court,
E.D. Pennsylvania.

Aug. 20, 2001.

Marvin I. Barish, Marvin I. Barish Law Offices, Philadelphia, PA, for Plaintiff.

Mary Elisa Reeves, Donna Adelsberger & Associates, Glenside, PA, for Defendant.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

By way of the motion which is now before this Court, Defendant, Weeks Marine, Inc. moves to dismiss Plaintiff's complaint for insufficient service of process or, in the alternative to transfer venue to the District of New Jersey. For the reasons set forth below, the motion is denied.

### Background

According to the complaint, Plaintiff, Sean Reed was employed as a seaman by Weeks Marine, Inc. when, on April 10, 2000, he was injured while in the course and scope of his employment. At the time of the accident, Plaintiff was working as a crew member on board Defendant's Scow 222 in the navigable waters of the Chesapeake Bay. Plaintiff contends that the accident occurred solely as the result of the defendant's negligence and, on February 14, 2001, he commenced this civil action pursuant to the Jones Act, 42 U.S.C. § 688, *et. seq.*

In response, Defendant has filed the instant motion to dismiss for improper service and venue and/or to transfer this action to the U.S. District Court for the District of New Jersey.

### Standards Governing Rule 12(b)(3) and 12(b)(5) Motions

■ District Courts are empowered under Fed.R.Civ.P. Nos. 12(b)(3) and 12(b)(5) to dismiss civil actions for improper venue and for insufficiency of service of process. A motion authorized under Rule 12(b)(5) permits a defendant to challenge any departure from the procedure for serving him with the summons and complaint for purposes of giving notice of the action's commencement. 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCE-DURE CIVIL 2D, § 1353 (2d ed.1990). Under these provisions, a defendant may object to the plaintiff's failure to comply with the procedural requirements for proper service set forth in or incorporated by Rule 4. *Id.* In resolving a motion under Rule 12(b)(5), the party making the service has the burden of demonstrating its validity when an objection to service is made. *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.,* 988 F.2d 476, 488–489 (3d Cir.1993); *Addanki v. Defense Logistics Agency Defense Personnel Support Center,* 1996 WL 635590 at *1 (E.D.Pa. 1996).

■ Similarly, the district court of a district in which is filed a case laying venue in the wrong division or district shall be dismissed, or if it be in the interest of justice or, transfer such case to any district or division in which it could have been brought. 28 U.S.C. § 1406(a); *Sundance Rehabilitation Corporation v. Senior Living Properties, Inc.,* 2001 WL 683766, 2001 U.S. Dist. LEXIS 8008 (E.D.Pa.2001). In cases where a motion to dismiss for improper venue is filed, it is the moving party which bears the burden of proving that venue is improper. *Myers v. American Dental Association,* 695 F.2d 716, 724 (3d Cir.1982); *Freddo v. United States,* 2001 U.S. Dist. LEXIS 9316 at *3 (E.D.Pa.2001); *Taylor & Francis Group, PLC v. McCue,* 145 F.Supp.2d 627, 629 (E.D.Pa.2001).

■ The Jones Act, 46 App.U.S.C. § 688 provides in pertinent part:

(a) Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply.... Jur-

isdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located.

Although this provision is framed in jurisdictional terms, the U.S. Supreme Court has held that it refers only to venue. *Pure Oil Co. v. Suarez*, 384 U.S. 202, 203, 86 S.Ct. 1394, 1395, 16 L.Ed.2d 474 (1966); *Papaioannoiu v. Hellenic Lines, Ltd.*, 569 F.Supp. 724, 726 (E.D.Pa.1983). It incorporates the venue provision of 28 U.S.C. § 1391, which provides in relevant part:

(b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

(c) For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

*Myers v. The Bank of New York*, 1995 WL 129205, *2, 1995 U.S. Dist. LEXIS 2789 at *6 (E.D.Pa.1995). Thus, 28 U.S.C. § 1391 permits a corporation to be sued in any judicial district in which it is incorporated or licensed to do business or is doing business in that such judicial district is regarded as the residence of such corporation for venue purposes. *Papaioannoiu*, 569 F.Supp. at 726; *Mauer v. Langenfelder & Son, Inc.*, 1988 WL 21962, *1, 1988 U.S. Dist. LEXIS 2080 at *1 (E.D.Pa.1988).

### Discussion

#### A. Service of Process.

Defendant first avers that the complaint against it should be dismissed due to the insufficiency of service of process pursuant to Fed.R.Civ.P. 4(h)(1). We disagree.

Specifically, Rule 4(h) governs the service of process upon corporations and associations and states that:

Unless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed shall be effected:

(1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant, or

(2) in a place not within any judicial district of the United States in any manner prescribed for individuals by subdivision (f) except personal deliv-

ery as provided in paragraph 2(C)(i) thereof.

Rule 4(e)(1), in turn, provides that:

Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district in the United States:

(1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the state.

Under the Pennsylvania Rules of Civil Procedure, original process generally is required to be served by the Sheriff or, in actions in equity, partition, to prevent waste, declaratory judgment and domestic relations, may be effectuated by a competent adult by handing a copy to the defendant or handing a copy at the defendant's residence or place of business to an adult person in charge of the residence or place of business. Pa.R.C.P. Nos. 400, 401, 402. Where, however, original process is to be served outside the Commonwealth of Pennsylvania, it may be accomplished by any form of mail requiring a receipt signed by the defendant or his authorized agent. Pa.R.C.P. Nos. 403, 404.

■ According to the defendant in this case, on February 23, 2001, it received a copy of the summons and complaint by certified mail delivered to its principal place of business in Cranford, New Jersey. Thereafter, on April 25, 2001, an unidentified individual hand delivered a second copy of the summons and Plaintiff's complaint in this matter to Defendant's receptionist, Doris Hermann, in its Cranford, NJ office. Because Ms. Hermann is not an officer, managing or general agent for Weeks Marine and is not authorized to accept or receive service of process on its behalf, Defendant avers that service here

was improper. Defendant notes that while it does occasionally perform work in the navigable waters of the Delaware River, it is not incorporated in Pennsylvania and has no office or facility here. Defendant does not challenge the authority of the person who accepted the certified mail on its behalf, nor does it argue that Ms. Hermann was not the person in charge of its place of business at the time she received the hand-delivered copy of the summons and complaint. From these facts, it is therefore clear that the plaintiff's service of Defendant by certified mail and hand delivery was effective pursuant to Fed. R.Civ.P. 4(e)(1) and Pa.R.C.P.Nos. 403 and 404. Thus, the motion to dismiss for failure to effectuate proper service is denied.

**B. Propriety of Venue in this District.**

As noted above, under 28 U.S.C. § 1391(b) and (c), venue against a corporation will lie in any judicial district in which it is incorporated, licensed to do business or is doing business. *See, Pure Oil,* and *Mauer,* both *supra.* As plaintiff alleges in his complaint that Weeks Marine was doing business in Philadelphia, Pennsylvania at or around the time of the subject accident and given the defendant's admission that it does work in the navigable waters of the Delaware River, venue in the Eastern District of Pennsylvania is proper. We thus decline Defendant's request to have this action dismissed for improper venue.

Nevertheless, Defendant's motion to dismiss requests, in the alternative, that this matter be transferred to the United States District Court for the District of New Jersey. A motion for transfer of venue necessarily invokes the provisions of 28 U.S.C. § 1404(a), which provides:

(a) For the convenience of parties and witnesses, in the interest of justice, a

district court may transfer any civil action to any other district or division where it might have been brought.

Section 1404 is intended to place discretion in the district courts to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness. *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 2244, 101 L.Ed.2d 22 (1988). The moving party bears the burden of establishing the need for a transfer by demonstrating that (1) the case could have been brought initially in the proposed transferee forum; (2) the proposed transfer will be for the convenience of the parties; (3) the proposed transfer will be in the interest of the convenience of the witnesses; and (4) the proposed transfer will be in the interest of justice. *Lowery v. Great Lakes Dredge & Dock Company*, 2001 WL 818548, *2, 2001 U.S. Dist. LEXIS 10165 at *4 (E.D.Pa.2001); *Miller v. Consolidated Rail Corp.*, 196 F.R.D. 22, 24–25 (E.D.Pa.2000).

In deciding whether to transfer an action, the Courts should not limit their consideration to the § 1404 factors enumerated above but should also consider both private and public interests. The private interests include: Plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records. *Jumara v. State Farm Insurance Co.*, 55 F.3d 873, 879 (3d Cir.1995). The public interests have included: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious or inexpensive; the relative administrative difficulty in the two

fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases. *Id.; Omnikem, Inc. v. Shepherd Tissue, Inc.*, 2000 WL 486610, *5, 2000 U.S. Dist. LEXIS 5268 at *17 (E.D.Pa. 2000).

Of these various factors, the plaintiff's choice of forum has been identified as the paramount consideration, although the plaintiff's choice of forum is entitled to less weight where the plaintiff chooses a forum which is neither his home nor the situs of the occurrence upon which the suit is based. *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir.1970); *Jordan v. Delaware & Hudson Railway Co.*, 590 F.Supp. 997, 998 (E.D.Pa.1984). In any event, the plaintiff's choice of forum will not be disturbed unless the balance of interests tilts strongly in favor of a transfer. *Innovative Solutions & Support, Inc. v. Global Access Unlimited*, 2001 WL 793309, *4, 2001 U.S. Dist. LEXIS 9734 at *11 (E.D.Pa.2001); *Bolles v. K Mart Corporation*, 2001 WL 767605, 2001 U.S. Dist. LEXIS 9301 (E.D.Pa.2001). *See Also: Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–509, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947).

In this case, Mr. Reed is a resident of Florida and the accident of which he complains occurred in the navigable waters of the Chesapeake Bay near Baltimore, Maryland. Although it is unknown where Weeks Marine, Inc. is incorporated, it has an office and principal place of business in New Jersey, where it desires to have this action transferred. Of the four known witnesses to the plaintiff's accident, none of them reside in either Pennsylvania or New Jersey: one resides in New Hampshire, one in South Carolina and two in Maryland. Three of the four witnesses are presently working for the defendant com-

pany in New York. It appears that plaintiff's medical treatment was rendered in Maryland and Florida. In thus weighing the various public and private interest factors outlined above, we find that neither Pennsylvania nor New Jersey has any greater contacts with this litigation than the other. While it is true that this district is entitled to less weight given that it is neither the plaintiff's home forum nor the situs of the subject accident, as Defendant itself points out, the District of New Jersey is literally across the Delaware River from the Eastern District of Pennsylvania and hence this Courthouse is no more inconvenient for the defendant and its witnesses than is the Courthouse in Camden, NJ. We therefore cannot find that the balance of interests tilts strongly in favor of moving this action across the river nor do we see any compelling reasons to disturb the plaintiff's choice of forum. Accordingly, the motion to transfer venue is also denied in accordance with the attached order.

### ORDER

AND NOW, this day of August, __ 2001, upon consideration of Defendant's Motion to Dismiss for Improper Venue and Insufficiency of Service of Process, it is hereby ORDERED that the Motion is DENIED for the reasons set forth in the preceding Memorandum Opinion.