**John W. PETSINGER, Plaintiff,**

v.

**PA. DEPT. OF TRANSPORTATION, et al., Defendants.**

**No. CIV.A. 01–4056.**

United States District Court, E.D. Pennsylvania.

July 1, 2002.

John W. Petsinger, Philadelphia, PA, Pro se.

Patrick J. McMonagle, Susan J. Forney, Office of Attorney General, Philadelphia, PA, for Defendants.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

Presently before this Court is the Motion to Dismiss of the Defendant, Pennsylvania Department of Transportation ("PennDOT"). The *pro se* Plaintiff, John W. Petsinger ("Plaintiff"), filed his complaint on August 21, 2001.

PennDOT seeks to dismiss Plaintiff's complaint against it under Fed.R.Civ.P. 12(b)(1), 12(b)(5), and 12(b)(6). For the following reasons, Plaintiff's complaint against PennDOT is dismissed.

## BACKGROUND

The facts, taken from Plaintiff's complaint and taken in the light most favor-

able to Plaintiff, are as follows. On May 24, 1996, Plaintiff was arrested in Rehoboth Beach, Delaware for speeding and driving under the influence. In 1997, the Sussex County Court, Delaware, dismissed the charge of speeding against Plaintiff. Plaintiff was convicted of driving under the influence in 1999.

Under the Driver's License Compact, 75 Pa.C.S.A. § 1581, Pennsylvania gives the same effect to motor vehicle convictions obtained in another state as if the conviction had occurred in Pennsylvania. Delaware has adopted this statute, (21 Del.C. § 8101), and, therefore, exchanges information concerning motor vehicle convictions with Pennsylvania.

On May 22 and June 19, 2001, Plaintiff wrote to Rebecca L. Bickley, Director of the Bureau of Driver Licensing for PennDOT, and Harold Cramer in the Office of Chief Counsel for PennDOT, respectively, requesting that PennDOT postpone the suspension of Plaintiff's driver's license. However, PennDOT suspended Plaintiff's driver's license on June 28, 2001, based upon Plaintiff's conviction for driving under the influence in Delaware.

Plaintiff claims in his complaint that PennDOT suspended his driver's license without notice to him based upon a false conviction for driving under the influence in Delaware.

## DISCUSSION

### I.  Legal Standard

When deciding a 12(b)(1) motion, "dismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of the Supreme Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Kulick v. Pocono Downs Racing Ass'n,* 816 F.2d 895, 899

(3d Cir.1987) (*quoting Oneida Indian Nation v. County of Oneida,* 414 U.S. 661, 666, 94 S.Ct. 772, 776, 39 L.Ed.2d 73, (1974)). Consequently, "[t]he threshold to withstand a motion to dismiss under Fed. R.Civ.P. 12(b)(1) is thus lower than that required to withstand a Rule 12(b)(6) motion." *Lunderstadt v. Colafella,* 885 F.2d 66, 70 (3d Cir.1989).

A motion to dismiss under Fed.R.Civ.P. 12(b)(5) for insufficiency of service or process contends that the Defendant did not receive sufficient notice of the action as set forth in Rule 4. "[T]he party making the service has the burden of demonstrating its validity when an objection to service is made." *Reed v. Weeks Marine, Inc.,* 166 F.Supp.2d 1052 (E.D.Pa.2001). *See also Grand Entm't Group, Ltd. v. Star Media Sales, Inc.,* 988 F.2d 476, 488–89 (3d Cir. 1993); *Addanki v. Def. Logistics Agency Def. Personnel Support Ctr.,* No. 95–CV–696, 1996 WL 635590 at *1 (E.D.Pa.1996).

A motion to dismiss based upon Fed. R.Civ.P. 12(b)(6) may only be granted where the allegations fail to state any claim upon which relief can be granted. *See Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir.1997). A court must view all facts, and reasonable inferences drawn therefrom, in the light most favorable to the non-movant. Fed.R.Civ.P. 12(b)(6); *see also Markowitz v. Northeast Land Co.,* 906 F.2d 100, 103 (3d Cir.1990). However, the Court will construe a *pro se* Plaintiff's complaint more liberally and hold it to a less stringent standard than a pleading drafted by an attorney. *See Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976); *Haines v. Kerner,* 404 U.S. 519, 521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

### II.  Eleventh Amendment's State Sovereign Immunity

PennDOT claims that it is immunized from lawsuits brought by private par-

ties in federal court, even if the private party and Defendant PennDOT are citizens of the same state, Pennsylvania.

The Eleventh Amendment's state sovereign immunity has long been recognized to bar suits by citizens or foreign states against non-consenting states brought in either state or federal court. *See Alden v. Maine,* 527 U.S. 706, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999); *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996); *Principality of Monaco v. Mississippi,* 292 U.S. 313, 54 S.Ct. 745, 78 L.Ed. 1282 (1934); *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890). In addition, the Supreme Court "has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan,* 415 U.S. 651, 662–63, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974). Immunity extends to arms of the state, including a state's department of transportation. *See Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *C.H. ex. rel. Z.H. v. Oliva,* 226 F.3d 198 (3d Cir. 2000); *Savory v. Kawasaki Motor Corp., U.S.A.,* 472 F.Supp. 1216, 1218 (E.D.Pa. 1979) (A "state's Eleventh Amendment immunity is not limited solely to actions where the state is a party of record but applies to cases involving agencies or instrumentalities when the state is a real party in interest.").

◼ Pennsylvania codified these principles in 42 Pa.C.S.A. § 8521 which provides for general immunity for the Commonwealth. Additionally, the Pennsylvania legislature set forth nine exceptions to the Commonwealth's sovereign immunity in 42 Pa.C.S.A. § 8522(b) as follows: (1) vehicle liability;[1] (2) medical-professional liability; (3) care, custody or control of personal property; (4) Commonwealth real estate, highways and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody or control of animals; (7) liquor store sales; (8) National Guard activities; and (9) toxoids and vaccines. These statutory exceptions must be strictly construed. *See Marker v. Com., Dep't of Transp.,* 677 A.2d 345, 348 (Pa.Cmwlth.1996). "Only the sovereign's own consent could qualify the absolute character of that immunity." *Nevada v. Hall,* 440 U.S. 410, 414, 99 S.Ct. 1182, 1185, 59 L.Ed.2d 416 (1979).

PennDOT, in asserting its Eleventh Amendment state sovereign immunity, does not clarify if it raises this affirmative defense as a lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) or as a failure to state a claim upon which relief may be granted under Fed.R.Civ.P. 12(b)(6).[2] Regardless, this affirmative de-

---

1. 42 Pa.C.S.A. § 8522(b)(1) explains vehicle liability to be "[t]he operation of any motor vehicle in the possession or control of a Commonwealth party. As used in this paragraph, 'motor vehicle' means any vehicle which is self-propelled and any attachment thereto, including vehicles operated by rail, through water or in the air." *See Toombs v. Manning,* 835 F.2d 453 (3d Cir.1987) (boarding and discharging passengers onto SEPTA platform falls within the vehicle liability exception to state sovereign immunity); *Sonnenberg v. Erie Metro. Transit Auth.,* 137 Pa.Cmwlth. 533, 586 A.2d 1026 (1991) (plaintiff injured by bus door can sue state agency under vehicle liability exception to state sovereign immunity since bus still in operation at time of accident). As provided to this Court, Plaintiff's facts do not implicate the vehicle liability exception to state sovereign immunity.

2. PennDOT's uncertainty reflects the confusion among the federal courts concerning this issue. *See Wis. Dept. of Corr. v. Schacht,* 524 U.S. 381, 391, 118 S.Ct. 2047, 2054, 141 L.Ed.2d 364 (1998) (the Court explicitly stated that it has not yet decided whether Eleventh Amendment's state sovereign immunity falls under subject matter jurisdiction); *but compare Blanciak v. Allegheny Ludlum Corp.,* 77 F.3d 690, 693, n. 2 (3d Cir.1996) ("the Eleventh Amendment is a jurisdictional bar

fense is appropriately raised at this point in the present action. *See Bell Atlantic–Pennsylvania, Inc. v. Pa. Pub. Util. Comm'n,* 107 F.Supp.2d 653, 659 (E.D.Pa. 2000) ("The Eleventh Amendment . . . may be raised by a motion to dismiss.").

■ If Plaintiff asserted a claim under 42 U.S.C. § 1983 in his complaint, as suggested by PennDOT, the Pennsylvania Commonwealth Court decided that both the Eleventh Amendment's state sovereign immunity and traditional state sovereign immunity bars such suits against PennDOT.[3] *See Rank v. Balshy,* 82 Pa. Cmwlth. 362, 475 A.2d 182, 185 (1984). "The Commonwealth of Pennsylvania has not waived its immunity in § 1983 civil rights cases and Congress did not abrogate state immunity in general in enacting civil rights legislation, including § 1983." *O'Hara v. Ind. Univ. of Pa.,* 171 F.Supp.2d 490, 495 (W.D.Pa.2001). Thus, Plaintiff cannot maintain a § 1983 action against PennDOT.

Further, given the facts presented by the Plaintiff to this Court, Plaintiff cannot make out a claim against PennDOT under any of the nine statutory exceptions to state sovereign immunity enumerated in 42 Pa.C.S.A. § 8522. Consequently, Plaintiff's complaint is dismissed against PennDOT.

### III. PENNDOT IS NOT A PERSON UNDER § 1983 AND WAS NOT PROPERLY SERVED

PennDOT also claims that it is not a person subject to suit under 42 U.S.C. § 1983, assuming that is the claim set forth by Plaintiff in his complaint. Al-

though we do not engage in a detailed discussion of this issue, we note that the Supreme Court "has construed the word 'person' in § 1983 to exclude States, [so that] neither a federal court nor a state court may entertain a § 1983 action against such a defendant." *Howlett v. Rose,* 496 U.S. 356, 376, 110 S.Ct. 2430, 2443, 110 L.Ed.2d 332 (1990). *See also Will v. Michigan Dep't of State Police,* 491 U.S. 58, 65–66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989).

Additionally, PennDOT asserts that Plaintiff's service of process via mail and more than 120 days past the filing date is not proper. Because we have determined that Plaintiff cannot bring a claim against PennDOT due to state sovereign immunity, we do not reach this issue.

### IV. Conclusion

An appropriate Order follows.

### ORDER

AND NOW, this 1st day of July, 2002, upon consideration of Defendant Pennsylvania Department of Transportation's Motion to Dismiss and Plaintiff's response thereto, it is hereby ORDERED, in accordance with the foregoing Memorandum, that Plaintiff's complaint against the Pennsylvania Department of Transportation is DISMISSED.

---

which deprives federal courts of subject matter jurisdiction").

**3.** It is reasonable to infer that the complaint's reference to the suspension of Plaintiff's driver's license without notice implies alleged violations of Plaintiff's due process and Plain-

tiff's civil rights under 42 U.S.C. § 1983. However, Plaintiff has not clearly set forth in his complaint which claims he is alleging against PennDOT, nor which legal basis upon which he relies for this action.