**Jonathan TASINI, Plaintiff,**

v.

**NEW YORK TIMES COMPANY, INC., Defendant.**

**No. 01 Civ. 6154 RLC.**

United States District Court, S.D. New York.

Jan. 25, 2002.

---

Meyer, Suozzi, English & Klein, P.C., New York City, for Plaintiff, Lowell Peterson, of counsel.

Debevoise & Plimpton, New York City, for Defendant, Bruce P. Keller, Jeremy Feigelson, of counsel.

The New York Times Company Legal Department, New York City, for Defendant, George Freeman, of counsel.

## OPINION

ROBERT L. CARTER, District Judge.

Defendant The New York Times Company (the "New York Times" or the "Times") moves to dismiss the complaint of plaintiff Jonathan Tasini with prejudice for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), F.R. Civ. P. and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), F.R. Civ. P.

## BACKGROUND

Tasini, a freelance writer, was a plaintiff in another action, *New York Times Company, Inc. v. Tasini*, 533 U.S. 483, 121 S.Ct. 2381, 150 L.Ed.2d 500 (2001) (*"Tasini I"*), which frames the contours of this dispute. In *Tasini I*, the United States Supreme Court held that the New York Times and other defendants had infringed copyrights held by Tasini and other freelance writers by placing articles, originally written by these writers for print publication in the New York Times and elsewhere, in electronic databases such as LEXIS/NEXIS. *Tasini I* has subsequently been remanded to Judge Richard Casey of this court for a determination of the damages suffered by Tasini and the other writers as a result of the copyright infringements committed by the New York Times and other defendants.[1]

After the decision in *Tasini I*, the New York Times posted a notice on its website stating that any freelance writer's work affected by the *Tasini I* decision would be removed from the electronic databases unless the writer executed a release of all claims arising out of the New York Times' infringement in connection with that work. (Cplt.¶ 9.) To that end, the notice contains a document (the "Release Agreement" or "Restoration Request") pursuant to which freelance writers can release their claims for compensation. *Id.* The New York Times has also notified freelance writers about the Release Agreement through

---

1. *See* 93 Civ. 8678(RCC). *Tasini I* was originally before Judge Sonia Sotomayor, formerly of this court, who has since been appointed to the Second Circuit.

printed ads in its daily newspaper. (Cplt.¶ 11.) All told, the New York Times intends to remove each of the affected articles, numbering approximately 115,000, sometime in the near future and has, according to Tasini, adopted the position that it will not obtain, use, or publish the work of any freelance writer who does not first sign the Release Agreement or a document reflecting the same substantive terms and conditions. (Cplt.¶¶ 10, 12.)

Tasini alleges that the Release Agreement is unlawful and unenforceable. (Cplt.¶ 20.) Specifically, Tasini contends that the Release Agreement confronts freelance writers with a "Hobson's choice" by forcing them to choose between two options, whether to press for compensation or to forego it in favor of keeping their articles in the electronic databases, at a time when the writers have limited information due to the fact that damages in *Tasini I* have not yet been determined. (Cplt.¶¶ 15–17.)

Tasini also asserts four causes of action in which he accuses the New York Times of: (1) interfering with the ability of freelance writers to obtain relief from the infringement of their copyrights (Cplt.¶ 29–34.); (2) unconscionability and duress with respect to the Release Agreement (Cplt.¶ 36–43.); (3) providing releases in the Release Agreement that are void (Cplt.¶ 44–45.); and (4) breaching the implied covenant of good faith and fair dealing in connection with prior agreements executed by the New York Times (Cplt.¶ 46–51.). Accordingly, Tasini seeks, *inter alia,* a declaratory judgment, pursuant to 28 U.S.C. § 2201, that the Release Agreement is unlawful and unenforceable, and an order that the New York Times may no longer require writers to choose between the two options it has presented to them. (Cplt.¶¶ 21, 22.)

## DISCUSSION

### (1) Standard for Dismissal Under Rule 12(b)(1), F.R. Civ. P.

■■■ The court properly dismisses a case for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir.2000). The burden is on the plaintiff asserting jurisdiction to prove by a preponderance of the evidence that jurisdiction is proper. *See Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 507 (2d Cir.1994); *Malik v. Meissner,* 82 F.3d 560, 562 (2d Cir.1996). When confronted with a Rule 12(b)(1) motion, a court must distinguish between two types of challenges to subject matter jurisdiction. A *facial* challenge contests the sufficiency of the pleadings. *See Sniado v. Bank Austria AG,* No. 00 Civ. 9123, 2001 WL 812236, at *1 (S.D.N.Y. Jul. 18, 2001) (Schwartz, J.); *see also Poodry v. Tonawanda Band of Seneca Indians,* 85 F.3d 874, 887 n. 15 (2d Cir.1996) (a *facial* attack "challenges the sufficiency of the jurisdictional facts alleged, not the facts themselves"). A *factual* attack, by contrast, "challenge[s] whether sufficient facts exist for the court to determine that it has jurisdiction to hear the plaintiff['s] claims." *Greater New York Hospital Assoc. v. United States,* No. 98 Civ. 2741, 1999 WL 1021561, at *4 (S.D.N.Y. Nov. 9, 1999) (Carter, J.). While a court must accept as true all the material allegations of the complaint in a *facial* attack, *see Sniado,* 2001 WL 812236, at *1, In a *factual* challenge, by contrast, "no presumptive truthfulness attaches to the complaint's jurisdictional allegations; rather, the burden is on the plaintiff to satisfy the Court, as fact-finder, of the jurisdictional facts." *Guadagno v. Wallack Ader Levithan Assoc.,* 932 F.Supp. 94, 95 (S.D.N.Y.1996) (Rakoff, J.), *aff'd,* 125

F.3d 844, 1997 WL 609007 (2d Cir.1997) (citations omitted); *see also Broad v. DKP Corp.*, No. 97 Civ.2029, 1998 WL 516113, at *3 (S.D.N.Y. Aug. 19, 1998) (Preska, J.), *aff'd*, 182 F.3d 898, 1999 WL 447632 (1999) (citing *Guadagno* ).

The Times' motion constitutes a *factual* challenge. The New York Times does not argue that, accepting all of the allegations of the complaint as true, subject matter jurisdiction is wanting. Rather, it takes issue with the allegations themselves, arguing that many could not possibly be true. Specifically, Tasini's contention that he is among the group of writers injured by the Restoration Request website is disputed. (Def.'s Rep. Mem. of Law in Supp. of Motion to Dismiss at 3–4.) This alone is enough to transform the New York Times' challenge to subject matter jurisdiction into a *factual* one.

■ Since a *factual* jurisdictional challenge is involved, the court is permitted to refer to evidence extrinsic to the pleadings. *See Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir.1986); *see also Greater New York Hospital,* 1999 WL 1021561, at *4 ("[i]n reviewing a *factual* challenge to subject matter jurisdiction, the court may rely on the plaintiff's complaint, as well as look to extrinsic evidence"). Accordingly, the court may decide the motion on the basis of affidavits or it may conduct an evidentiary hearing. *See Guadagno,* 932 F.Supp. at 95.[2]

### (2) Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction

### A. Constitutional Standing

The New York Times asserts that Tasini lacks standing to seek the relief that he requests, that he has suffered no injury, actual or threatened, from the choice it offers to writers through the Restoration Request website. (Def.'s Mem. of Law in Supp. of Motion to Dismiss at 5.) It characterizes the complaint as one that repeatedly makes allegations on behalf of other freelance writers but not Tasini, *Id.* at 5–6, and it points to statements made by Tasini, both in the complaint and in an article, that, it argues, show Tasini has no intention of executing a Release Agreement.[3] *Id.* at 6. Moreover, it asserts that since Tasini's articles were removed years before *Tasini I* was decided, Tasini cannot possibly claim any injury to himself from the Restoration Request website. (Def.'s Rep. Mem. of Law in Supp. of Motion to Dismiss at 4 n. 1.)

■ An objection to standing is properly made on a Rule 12(b)(1) motion. *See, e.g., Steel Co. v. Citizens for a Better Envi-*

---

**2.** The court may also permit or require the plaintiff to supply more particularized allegations supportive of its standing either by amendment to the complaint or through affidavits. *Warth v. Seldin,* 422 U.S. 490, 501, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). However, "[w]here a party has had an opportunity to submit affidavits or other proof to oppose the factual challenge raised by an adversary on a motion made pursuant to Rule 12(b)(1) and has failed to submit such evidence or otherwise waived the opportunity to do so, then the Court may properly address the factual contentions underlying the Rule 12(b)(1) motion." *Kissel v. DiMartino,* No. CV–92–5660, CV–93–1710/2963, 1993 WL 289430, at *4 (E.D.N.Y. Jul. 20, 1993). As Tasini has al-

ready filed a memorandum of law in opposition to defendant's motion to dismiss and supplemented it with an affidavit, *see* Decl. of Lowell Peterson, Esq. in Opp'n to Motion to Dismiss, Tasini has had sufficient opportunity to respond to the challenges raised by the Times in its Rule 12(b)(1) motion and, as such, the court will directly consider the factual contentions underlying the motion.

**3.** *See* Jane Martinson, *New Media: David Versus Goliath in the Supreme Court,* The Guardian, July 2, 2001, *available at* 2001 WL 24300539, in which Tasini is quoted as saying: "We will get paid, the question is how much." (Keller Decl., Ex. 4.)

*ronment,* 523 U.S. 83, 88–89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (contrasting standing, an issue implicating a federal court's subject matter jurisdiction, with the failure to state a cognizable claim, which is not a jurisdictional defect). A court, moreover, has an "independent obligation" to consider a party's standing even if the parties fail to raise the issue. *See FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215, 230–31, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990).

■ To establish Article III standing the plaintiff must demonstrate that a "case or controversy" exists. *Gladstone, Realtors v. Village of Bellwood,* 441 U.S. 91, 99, 99 S.Ct. 1601, 60 L.Ed.2d 66 (1979). At a minimum, the plaintiff must show three elements: (1) an injury in fact, (2) a causal nexus between the complained-of conduct and the injury, and (3) redressability of the injury. *See, generally, Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); *see also Gladstone,* 441 U.S. at 99, 99 S.Ct. 1601 ("In order to satisfy Art. III, the plaintiff must show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant.")

■ In view of these principles, Tasini lacks standing for two reasons. First, Tasini has not sufficiently alleged any personal injury to himself from the Restoration Request website. Tasini argues that the complaint specifically mentions him, in several places, as one of the writers affected by the Times' Restoration Request website.[4] (Pl.'s Mem. of Law in Opp'n to Def.'s Motion to Dismiss at 3–4.) However, "[i]t is a long-settled principle that standing cannot be 'inferred argumentatively from averments in the pleadings.'" *FW/PBS, Inc.,* 493 U.S. at 231, 110 S.Ct. 596 (quoting *Grace v. American Central Ins. Co.,* 109 U.S. 278, 284, 3 S.Ct. 207, 27 L.Ed. 932 (1883)). Thus, Tasini cannot establish standing simply by resting on conclusory allegations in the complaint. Instead, he must make some affirmative factual showing that he is entitled to have the court hear his case. *See, e.g., Warth v. Seldin,* 422 U.S. 490, 518, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) ("It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers."); *Thompson v. County of Franklin,* 15 F.3d 245, 249 (2d Cir.1994). Tasini has not done this, as he has shown nothing outside the pleadings to suggest that he has suffered personal injury, either actual or threatened, as a result of the Restoration Request website.[5]

Second, Tasini lacks standing because he has not signed the Release Agreement. Tasini acknowledges that much in his memorandum of law by writing that he "seeks this finding [that the Release Agreement is unlawful] before having executed a document waiving his claims." (Pl.'s Mem. of Law in Opp'n to Def.'s Motion to Dismiss at 8–9.) This alone is

---

4. Tasini emphasizes the fact that the complaint brings claims on behalf of "freelance writers, including Tasini" (Cplt.¶¶ 34, 42.), "a freelance writer such as Tasini" (Cplt.¶ 37.), "the writers such as Tasini" (Cplt.¶ 38.), and "freelance writers such as Tasini" (Cplt.¶ 40.).

5. For example, Tasini asserts that the New York Times has adopted the position that it will not consider publishing any additional articles by any freelance writer who fails to execute a Restoration Request. (Pl.'s Mem. of Law in Opp'n to Def.'s Motion to Dismiss at 3.) However, Tasini fails to provide any affidavit or supporting evidence to corroborate this claim. The New York Times, moreover, contests this claim and alleges that "the Restoration Request has nothing to do with a writer's future prospects of writing for The Times." (Def.'s Mem. of Law in Supp. of Motion to Dismiss at 4 n. 2.)

fatal because Article III allows courts to remedy only the invasion of a legally protected interest that is both "concrete and particularized" and "actual or imminent," but not one that is merely "conjectural or hypothetical" in nature. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); *see also Whitmore v. Arkansas,* 495 U.S. 149, 155, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990). In particular, with reference to the facts at hand, in a complaint challenging the validity of a contract, typically only the actual or alleged party to the contract is in a position to challenge its validity. *See, e.g., Williams v. Eggleston,* 170 U.S. 304, 309, 18 S.Ct. 617, 42 L.Ed. 1047 (1898) ("The parties to a contract are the ones to complain of a breach, and if they are satisfied with the disposition which has been made of it, and of all claims under it, a third party has no right to insist that it has been broken."); *Ope Shipping, Ltd. v. Allstate Ins. Co., Inc.,* 687 F.2d 639, 643 (2d Cir. 1982) ("a third person who is not a defrauded creditor of the grantor may not challenge the contract's validity"); *Tri-Star Pictures, Inc. v. Leisure Time Productions, B.V.,* 749 F.Supp. 1243, 1250 (S.D.N.Y.1990) (Edelstein, J.), *aff'd,* 17 F.3d 38 (2d Cir.1994); *In re Vic Supply Co., Inc.,* 227 F.3d 928, 930–31 (7th Cir. 2000) (("Ordinarily, only a party (actual or alleged) to a contract can challenge its validity.... Obviously the fact that a third party would be better off if a contract were enforceable does not give him standing to sue to void the contract.") (citing *Williams, Ope Shipping,* and *Tri-Star Pictures* )). As Tasini has not executed a Release Agreement, any injury that he may allege at this time would only be conjectural or hypothetical.

■ Tasini argues, however, that his pursuit of a declaratory judgment pursuant to 28 U.S.C. § 2201 allows him to seek a finding that the Release Agreement is unlawful before having signed it. (Pl.'s Mem. of Law in Opp'n to Def.'s Motion to Dismiss at 8–9.) Since a declaratory judgment is a device which allows litigants to seek a judicial determination before the complained-of harm has occurred, he argues that the court should disregard his failure as yet to execute a Release Agreement. *Id.*

■ The determination of whether a plaintiff has standing, however, is antecedent to any declaratory judgment determination. A court must first satisfy itself that "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941). *See also Olin Corp. v. Consolidated Aluminum Corp.,* 5 F.3d 10, 17 (2d Cir.1993). At this time, Tasini has not shown that such a concrete controversy exists. Tasini relies on *Blair v. National Construction Company of the South, Inc.,* 611 F.2d 80 (5th Cir.1980) to buttress his claim that his request for a declaratory judgment somehow obviates the need for him to execute a Release Agreement. (Pl.'s Mem. of Law in Opp'n to Def.'s Motion to Dismiss at 9.) However, *Blair* is inapposite. In *Blair,* the court held that the lower court erred when it dismissed the claims of a plaintiff who had entered into multiple contracts and was seeking, *inter alia,* a declaratory judgment that the contracts were unlawful. *See Blair,* 611 F.2d at 81 n. 6. The principal difference between *Blair* and this action is that the plaintiff in *Blair* had already executed the contracts before bringing an action to declare them unlawful. At no point does the *Blair* court state that a plaintiff who has never entered into a contract can, nonetheless, seek a declaratory judgment that the

contract is unlawful.[6] Accordingly, Tasini cannot rely on the Declaratory Judgment Act to support his contention that the court should hear this case.

## B. Prudential Standing

 Tasini's attempts to establish standing prove unavailing for yet another reason. Tasini is filing this action on behalf of himself and other freelance writers whom he did not join as parties in the action. (Cplt. ¶¶ 13–15, 34, 37, 38, 40, & 42.) Assuming, for the moment, that Tasini had standing to bring his own claims, he would still lack standing to bring claims on behalf of other freelance writers not joined in the present action. As such, the complaint would still be dismissed for lack of subject matter jurisdiction as to the non-joined parties.

 In determining whether a plaintiff has standing to invoke the rights of third parties, the United States Supreme Court has articulated both constitutional and prudential standing requirements. See, e.g., *Singleton v. Wulff*, 428 U.S. 106, 112–15, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976); *Warth, supra*, 422 U.S. at 499–500. In addition to satisfying the three minima of constitutional standing, see *Lujan, supra*, 504 U.S. at 560–61, 112 S.Ct. 2130, the

plaintiff must satisfy prudential limitations on third-party standing that include: (1) "a close relation to the third party" and (2) "some hindrance to the third party's ability to protect his or her own interests." *Powers v. Ohio*, 499 U.S. 400, 411, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991). Tasini cannot satisfy either of these requirements. Tasini has evidenced no special relationship to other freelance writers nor can he credibly contend those writers lack the ability to bring their own claims.

In fact, quite the opposite is true. Other freelance writers have brought four class actions, in this court, in which they are asserting claims in connection with alleged infringements committed by various publishers, including the New York Times.[7] (Mem. of Law in Supp. of Motion to Dismiss at 6.) Accordingly, far from being unable to push forward with their own claims, other freelance writers are fully capable of bringing their own challenges to the Restoration Request.

 Thus, Tasini's complaint, even assuming, *arguendo*, compliance with all the elements of constitutional standing, is still wanting. He is unable to satisfy the requirements for prudential standing to assert claims on behalf of other freelance writers not joined as parties in this dispute.[8]

---

**6.** Tasini contends that a freelance writer who has no intention of signing the Release Agreement has as much standing to challenge it as one who does sign it. (Pl.'s Mem. of Law in Opp'n to Def.'s Motion to Dismiss at 8.) This contention is at odds with the long-standing prohibition against courts rendering advisory opinions. See, e.g., *United Public Workers of America (C.I.O.) v. Mitchell*, 330 U.S. 75, 89, 67 S.Ct. 556, 91 L.Ed. 754 (1947) ("As is well known the federal courts established pursuant to Article III of the Constitution do not render advisory opinions.... This is as true of declaratory judgments as any other field."); see also *United States v. Fruehauf*, 365 U.S. 146, 157, 81 S.Ct. 547, 5 L.Ed.2d 476 (1961).

**7.** See Proposed Consolidation Order. (Keller Decl., Ex. 5.)

**8.** The court's finding that Tasini lacks standing rests on no other grounds than those already discussed. The New York Times argues that Tasini lacks standing because he has no intention of ever submitting a Restoration Request, as evidenced by his statements appearing in an article published in *The Guardian* and his complaint. (Def.'s Mem. of Law in Supp. of Motion to Dismiss at 6.) While the court has authority to take into consideration evidence extrinsic to the pleadings in deciding a motion to dismiss for lack of subject matter jurisdiction, the consideration of extrinsic evidence in the form of *The Guardian* article would be improper. Evidence relied upon outside the pleadings must be competent. See, e.g., *Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir.1986) (looking to Rule 56, F.R. Civ. P. to provide guidelines on

### C. Federal Question Jurisdiction

■ Moreover, even if Tasini had standing to bring this action, his complaint sets forth no basis for federal jurisdiction and, as such, must still be dismissed pursuant to Rule 12(b)(1). Tasini asserts jurisdiction pursuant to 28 U.S.C. § 1331,[9] 17 U.S.C. § 101 et seq.,[10] and 28 U.S.C. § 2201.[11] (Cplt.¶ 5.) However, these statutes provide no basis for jurisdiction over this action.[12]

■ In delimiting "federal question" or "arising under" jurisdiction, Congress has conferred upon the lower federal courts "jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California, 463 U.S. 1, 27–28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); see also Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (describing the "well-pleaded complaint rule"). The mere inclusion of a federal issue in a state cause of action does not guarantee the presence of federal question jurisdiction; the federal question must also be substantial as opposed to a minor, technical addition to a state claim. See, e.g., Travelers Indem. Co. v. Sarkisian, 794 F.2d 754, 762 (2d Cir.1986); see also D'Alessio v. New York Stock Exchange, Inc., 258 F.3d 93, 99 (2d Cir.2001), cert. denied, —— U.S. ——, 122 S.Ct. 666, —— L.Ed.2d —— (2001).

The only federal question potentially presented by this action and, therefore, the issue on which Tasini predicates federal jurisdiction, involves his claims with respect to alleged violations of the Copyright Act, 17 U.S.C. § 101 et seq. The appropriate statute governing copyright jurisdiction is 28 U.S.C. § 1338(a), which gives federal courts exclusive jurisdiction to hear any civil action "arising under" the Copyright Act. A complaint "arises under" the Copyright Act for the purpose of § 1338(a) when it: (1) seeks a remedy provided under or (2) alleges a claim requiring con-

considering evidence outside of the pleadings when a court is faced with a Rule 12(b)(1) motion to dismiss). However, articles and newspaper clippings do not rise to the level of competent evidence. "Newspaper articles are simply not evidence of anything other than the fact they were published; they are not admissible to prove the truth of the matter asserted therein." Doe v. Karadzic, No. 93 Civ. 878/1163 (PKL)(HBP), 1997 WL 45515, at *6 (S.D.N.Y. Feb. 4, 1997) (Pitman, J.).

9. 28 U.S.C. § 1331 pertains to federal question jurisdiction and states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

10. 17 U.S.C. § 101 et seq. is the Copyright Act, dealing with its subject matter and scope.

11. 28 U.S.C. § 2201 corresponds to the Declaratory Judgment Act.

12. At the outset, it should be noted that the Declaratory Judgment Act, by itself, is insufficient to confer federal jurisdiction over Tasini's claims in the absence of a controversy involving a federal question. The Act not only fails to establish standing but also fails to raise a federal question sufficient to satisfy the requirements for subject matter jurisdiction. "The Declaratory Judgment Act, 28 U.S.C. s 2201, does not independently create federal jurisdiction ..." because "an action for declaratory judgment may be brought in federal court ordinarily only if there would exist a basis for federal jurisdiction in a coercive action between the two parties." Warner–Jenkinson Co. v. Allied Chem. Corp., 567 F.2d 184, 186 (2d Cir.1977); see also Niagara Mohawk Power Corp. v. Tonawanda Band of Seneca Indians, 94 F.3d 747, 752 (2d Cir.1996) ("Section 2201 provides no independent basis for subject matter jurisdiction.").

struction of the Copyright Act. *Bassett v. Mashantucket Pequot Tribe,* 204 F.3d 343, 349 (2d Cir.2000).[13]

■ Tasini's complaint does not "arise under" the Copyright Act for the purpose of § 1338(a) because the complaint, on its face, does not request a remedy expressly granted by the Act.[14] That the Release Agreement is alleged to interfere with Tasini's ability to pursue copyright infringement actions against the New York Times does not invoke a remedy expressly granted by the Copyright Act. Tasini is not seeking an injunction to prevent further infringement of copyrights held by himself and other freelance writers. The Times has already been adjudged an infringer of those copyrights in *Tasini I.* Rather he is seeking a declaratory judgment that the Release Agreement is unlawful and unenforceable. (Cplt.¶ 22.) Since this remedy is not one expressly provided by the Copyright Act, federal jurisdiction for the purpose of § 1338(a) is not established.

Nor does Tasini's complaint assert a claim requiring construction of the Copyright Act. An example of such a claim would be one involving a determination as to whether a song constituted a "work made for hire" under the Copyright Act. *See, e.g., Ackoff–Ortega v. Windswept Pacific Entertainment Co. (Inc.),* 98 F.Supp.2d 530, 534 (S.D.N.Y.2000) (Scheindlin, J.).

Tasini's complaint suggests to the court a dispute whose resolution turns on the particular facts of the case and state contract law as opposed to the available remedies or any construction of the provisions of the Copyright Act. *See T.B. Harms Co. v. Eliscu,* 339 F.2d 823 (2d Cir.1964). Accordingly, Tasini has failed to establish federal jurisdiction and his complaint must be dismissed.

### (3) Defendant's Motion to Dismiss for Failure to State a Claim

The New York Times also moves to dismiss the complaint pursuant to Rule 12(b)(6), F.R. Civ. P. for failure to state a claim. Tasini pleads four causes of action, which include, *inter alia,* interference, unconscionability, duress, and breach of implied covenant of good faith and fair dealing. For each of these causes of action, the New York Times contends that Tasini can prove no set of facts entitling him to relief. (Mem. of Law in Supp. of Motion to Dismiss at 8.) The basis of subject matter jurisdiction over Tasini's interference, unconscionability, duress, and breach of implied covenant of good faith and fair dealing claims is supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). Howev-

---

**13.** *Bassett* overruled *Schoenberg v. Shapolsky Publishers, Inc.,* 971 F.2d 926 (2d Cir.1992), in which the Second Circuit had articulated a complex three-part test for determining jurisdiction in hybrid contract and copyright cases, in favor of the more workable standard established in *T.B. Harms Co. v. Eliscu,* 339 F.2d 823 (2d Cir.1964). In *T.B. Harms,* the Second Circuit, taking guidance from Justice Holmes' famous proclamation that "[a] suit arises under the law that creates the cause of action," *American Well Works Co. v. Layne & Bowler Co.,* 241 U.S. 257, 260, 36 S.Ct. 585, 60 L.Ed. 987 (1916), held that a suit "arises under" the Copyright Act if and only if, looking only to the face of the complaint: (1) "[T]he complaint is for a remedy expressly granted by the Act, e.g., a suit for infringement or for the statutory royalties for record production . . .;" or (2) "[the complaint] asserts a claim requiring construction of the Act . . . or, at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim." *T.B. Harms,* 339 F.2d at 828.

**14.** Remedies under the Copyright Act include injunctions to prevent infringement of a copyright, the impounding and disposition of infringing articles, actual and statutory damages, disgorgement of profits, and costs and attorney's fees. *See* 17 U.S.C. § 502 *et seq.*

er, as the federal claims in this action have been dismissed, the court is not obligated to invoke its pendent jurisdiction over these state law claims, pursuant to 28 U.S.C. § 1367(c)(3), and it declines to do so. *See, e.g., United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) ("[c]ertainly, if the federal claims are dismissed before trial ... the state claims should be dismissed as well"); *see also Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine ... will point toward declining to exercise jurisdiction over the remaining state-law claims").

## CONCLUSION

For the foregoing reasons, the New York Times' motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), F.R. Civ. P. is granted. The court declines to exercise supplemental jurisdiction over Tasini's state law claims; accordingly, it makes no ruling with respect to the Times' motion to dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6), F.R. Civ. P. Since a dismissal pursuant to Rule 12(b)(1) is without prejudice, that is, it is not on the merits and has no *res judicata* effect, *see Nowak v. Ironworkers Local 6 Pension Fund,* 81 F.3d 1182, 1188 (2d Cir.1996), the court does not, by this decision, foreclose the possibility of the reassertion of the merits elsewhere.

**IT IS SO ORDERED**